**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2001-CT-01490-SCT**

*ROBERT LEE DELOACH*

*v.*

*STATE OF MISSISSIPPI*

**ON WRIT OF CERTIORARI**

| | |
|---|---|
| DATE OF JUDGMENT: | 5/20/1997 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| | CARRIE A. JOURDAN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED TO THE COURT OF APPEALS FOR FURTHER CONSIDERATION AND A DECISION ON THE MERITS - 05/13/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     We granted Robert Lee Deloach's petition for writ of certiorari to review the judgment of the Court

of Appeals, which dismissed Deloach's direct appeal of his criminal conviction as untimely filed. ***Deloach***

***v. State***, 856 So.2d 388 (Miss. Ct. App. 2003), *cert. granted*, 860 So.2d 1223 (Miss. 2003). Finding

that the Court of Appeals should have rendered a decision on the merits in this fully briefed appeal, we reverse the Court of Appeals' judgment and remand the case to the Court of Appeals for further consideration and a decision on the merits.

**FACTS**

¶2.     Robert Lee Deloach was indicted on two counts of armed robbery and one count of business burglary. Count I of the indictment was for the May 18, 1996, armed robbery of a Junior Food Store located in Lowndes County, Mississippi. Deloach entered the store at approximately 6:15 a.m. wielding a revolver and demanded the store's money from Betty Morphew, the store manager. Deloach took approximately $450.00.

¶3.     Donna S. Smith was appointed to represent Deloach. On May 20, 1997, after a two-day trial on Count I of the indictment, the jury found Deloach guilty, and he was sentenced to twenty-two (22) years in the custody of the Mississippi Department of Corrections. The same day that he was convicted, Deloach filed with the trial court an affidavit to appeal as an indigent, which stated that he wished to prosecute an appeal of his conviction.[1] On May 30, 1997, the court reporter's estimate for costs of appeal was filed with the trial court.

¶4.     The trial court record indicates that the State of Mississippi proceeded toward trial against Deloach on the two remaining counts in his indictment, and that Donna Smith continued to represent him as trial counsel, not appellate counsel. No further action was taken on the appeal. On February 17, 1998, the trial court entered an order, which retired Deloach's remaining Counts II & III to the file "based on the guilty verdict in cause number 96-574-CRI, Count I."

---

[1] He signed a fill-in-the-blank form affidavit provided by the circuit clerk. No attorney's name appears on the affidavit, and no order appointing appellate counsel was entered until July 20, 2001.

¶5. On October 22, 1998, this Court received a letter from Deloach inquiring as to whether Donna Smith filed Deloach's notice of appeal. On January 28, 1999, Deloach filed his pro se "Motion for Clarification of Appeal and/or Seeking Appointment of Counsel" by which Deloach again expressed his desire to appeal and asserted that Donna Smith would not contact him. Because this Court had no formal notice of appeal on record, Deloach's motion was denied without prejudice on April 1, 1999, with instruction to direct the motion to the attention of the trial court. On April 23, 1999, Deloach again petitioned this Court for appointment of appellate counsel, which was again denied for lack of a formal notice of appeal.

¶6. Deloach then filed a pro se motion for post-conviction relief or an out-of-time appeal in the trial court, and on July 20, 2001, the trial court granted Deloach an out-of-time appeal.[2] The trial court's order indicates that the State of Mississippi had agreed that Deloach was entitled to an out-of-time appeal because there was no in-court waiver of Deloach's right to appeal. The trial court's order also allows the State of Mississippi to petition the court for permission to try Deloach on the previously retired armed robbery and business burglary charges. The order further indicates that these charges were retired in return for Deloach's agreement not to appeal his Count I conviction. However, there is no record of such an agreement. Deloach was given thirty days to perfect his out-of-time appeal.

¶7. Also on July 20, 2001, the trial court entered a separate order finding that Deloach was financially unable to retain counsel on appeal and appointed attorney Carrie A. Jourdan to represent him.[3]

---

[2] This order was entered two years before this Court's decision in **McGruder** in which we stated that "[n]o provision is made authorizing the trial court, sua sponte or on motion... to thereafter grant an out-of-time appeal." **McGruder v. State**, --- So.2d ---, *1; 2003 WL 22100126 (Miss. 2003).

[3] This was a fill-in-the-blank form order used for appointment of trial counsel which mentions defending Deloach on the armed robbery and burglary charges. No mention is made of appellate counsel.

Nevertheless, on August 24, 2001, Carrie Jourdan filed Deloach's notice of appeal. After the matter was fully briefed, the Court of Appeals dismissed the appeal as untimely, holding that the trial court did not have authority to grant the out-of-time appeal. The appeal was dismissed on March 18, 2003.

¶8.     Deloach filed his pro se motion for rehearing on April 7, 2003, which was denied on August 5, 2003, and filed his pro se Petition for Writ of Certiorari on August 26, 2003, which this Court granted on December 4, 2003.

## ANALYSIS

¶9.     The Court of Appeals held that the trial court did not have authority to grant the out-of-time appeal because a request to reopen the time to appeal is to be filed with the trial court "within 180 days of entry of the judgment or order or within seven days of receipt of such notice [of entry of judgment], whichever is earlier." *Deloach*, 856 So.2d at 389, citing  M.R.A.P. 4(h).

¶10.     The Court of Appeals also held that there was a second bar to its jurisdiction.  The trial court granted Deloach thirty days to perfect the out-of-time appeal by an order signed by the trial judge on July 19, 2001.  The notice of appeal was not filed until August 24, 2001.  The Court of Appeals stated:

> We do not understand how the attorney knew she was appointed yet did not know the out-of-time appeal had been granted since the two orders were signed on the same day and filed the same day.  Even if the trial judge had authority to grant an out-of-time appeal, the deadline for perfecting the appeal had passed when the notice of appeal was filed.

856 So.2d at 389.

¶11.     In a recent opinion by this Court, it was recognized that:

> Whether a trial court has authority to remedy the failure to file timely a notice after the time set by the rules for filing a notice of appeal had expired is doubtful. *Coleman v. State*, 804 So.2d 1032, 1037 (Miss. 2002).  However, we may grant an out-of-time appeal 'where a person is convicted of a crime and through no fault of his own is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court.' *Jones v. State*, 355 So.2d 89, 90 (Miss. 1978).  We may suspend

4

Rules 2 and 4 'when justice demands' to allow an out-of-time appeal in criminal cases. ***Fair v. State***, 571 So.2d 965, 966 (Miss. 1990).

***McGruder v. State***, --- So.2d ---, *1; 2003 WL 22100126 (Miss. 2003).

¶12.     In ***McGruder***, this Court found that McGruder had done nothing to delay the perfection of his appeal. ***Id.*** at *2. His trial counsel was untimely in the filing of McGruder's Motion for JNOV. Once his new counsel was appointed, all post-trial filings and the perfection of the appeal were timely. This Court found that justice demanded that the out-of-time appeal filed by McGruder's new counsel be considered on the merits. ***Id.*** (citing ***Fair****,* 571 So.2d at 967). We reversed the Court of Appeals' judgment to dismiss as untimely and remanded the case for a decision on the merits. ***Id.***

¶13.     In the instant case, the record is not clear as to why no formal appeal was ever filed after Deloach's May 20, 1997, conviction. The trial court's July 20, 2003, order, which granted the out-of-time appeal, gives some insight that there may have been an agreement to drop Deloach's remaining charges if Deloach agreed not to appeal the Count I conviction.

¶14.     What is clear from the record is that the same day Deloach's conviction and sentence were entered, he filed an affidavit of indigency stating that he was unable to pay the costs of the Supreme Court Clerk and that he wanted "to prosecute an appeal to the Supreme Court of the State of Mississippi, of said conviction . . . ." The motions Deloach filed in this Court seeking the appointment of appellate counsel and the status of his appeal further indicate his desire for an appeal. These facts, coupled with the trial court's correct finding that no in-court waiver of appeal had been made, are enough to determine from the record that Deloach was not at fault for failing to file a formal notice of appeal from his May 20, 1997, conviction.

¶15.     The Court of Appeals was not wrong in its analysis of this case under M.R.A.P. 4(h). However, this Court, as well as the Court of Appeals, "may suspend the requirements or provisions of any of these

rules in a particular case . . . on its own motion and order proceedings in accordance with its direction; provided, however, in *civil cases* the time for taking an appeal as provided in Rules 4 and 5 may not be extended." M.R.A.P. 2(c) (emphasis added). This case involves a direct appeal in a *criminal case*, and we are not precluded from extending the time for a direct appeal.

¶16.    In light of this Court's previous ruling in *McGruder*, and the extraordinary circumstances encountered by Deloach, we hold that M.R.A.P. 2 and 4 are suspended in this case to allow Deloach an out-of-time appeal.

### CONCLUSION

¶17.    We reverse the judgment of the Court of Appeals dismissing this appeal and remand this matter back to the Court of Appeals for further consideration and a decision on the merits of the case.

¶18.    **REVERSED AND REMANDED TO THE COURT OF APPEALS FOR FURTHER CONSIDERATION AND A DECISION ON THE MERITS.**

**SMITH, C.J., WALLER, P.J., CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.  DIAZ AND EASLEY, JJ., NOT PARTICIPATING.**