835 So.2d 104 (2003)
Anthony McGRUDER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01542-COA.
Court of Appeals of Mississippi.
January 21, 2003.
Belinda J. Stevens, Jackson, attorney for appellant.
Office of the Attorney General by: Jeffrey A. Klingfuss, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Anthony McGruder was convicted of two counts of murder and one count of arson on November 29, 2000, by the Circuit Court of Yazoo County. He now appeals citing the following issues:

I. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

II. WHETHER THE STATE COMMITTED REVERSIBLE ERROR DURING ITS CLOSING ARGUMENT WITH IMPROPER REMARKS THAT APPEALED TO THE BIAS AND PREJUDICE OF THE JURORS.

III. WHETHER THE CUMULATIVE EFFECT OF THE ABOVE ERRORS DENIED THE DEFENDANT A FUNDAMENTALLY FAIR TRIAL.
Finding McGruder's appeal time-barred, we dismiss.

STATEMENT OF THE FACTS
¶ 2. In the early morning hours of June 23, 1998, a fire was started at 617 Grady Avenue in Yazoo City, Mississippi. While putting out the fire, firefighters discovered two bodies in the house. Subsequent investigations would reveal these were the bodies of Daisy Shinal and Willy Dixon, an elderly brother and sister who lived in the house along with Anthony McGruder, Ms. Shinal's grandson. Autopsies revealed that Dixon and Shinal had died two to four days before the fire. The autopsies also showed that Shinal's cause of death had been by strangulation and that Dixon had died of blunt force trauma to his head.
¶ 3. Eventually, McGruder became the primary suspect in the police's investigation. During interrogation, McGruder voluntarily confessed to having a "confrontation" with Dixon and Shinal. McGruder admitted he pushed Dixon and Shinal, that he placed Dixon into Dixon's bed, and never saw him move after that.
*105 ¶ 4. During McGruder's trial in November 2000, State Deputy Fire Marshall Carl Rayfield and Yazoo City Fire Marshall James Jackson testified that piles of clothes had been placed over Shinal and Dixon and set on fire using paint thinner as an accelerant. There were no signs of forced entry into the house.
¶ 5. On November 29, 2000, McGruder was found guilty of the murders of Willy Dixon and Daisy Shinal and guilty of arson.

LEGAL ANALYSIS
¶ 6. We have no need to reach the merits of this appeal as it is time-barred. Rule 4(e) of the Mississippi Rules of Appellate Procedure instructs us a party may make an appeal following a criminal case in which they have filed posttrial motions. A defendant must file notice of his appeal by thirty days from the entry of the order denying either a motion for a judgment notwithstanding the verdict or a motion for a new trial. M.R.A.P. 4(e). "An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rule[ ] 4...." M.R.A.P. 2(a)(1).
¶ 7. The thirty-day limit is not an absolute limit on appeals. M.R.A.P. 4(h) allows the trial court to reopen the time for appeals if it finds that a party did not receive notice of the entry of the judgment within twenty-one days of its entry, and that no party would be prejudiced by reopening time for an appeal. However, this power is limited to within 180 days of the entry of the judgment or within seven days of receipt of notice only, whichever is earlier.
¶ 8. McGruder's sentence was filed December 6, 2000. On November 19, 2001, McGruder filed a motion for an out of time appeal. The trial court denied this motion on December 20, 2001. Since McGruder has not received permission to file an out of time appeal, this Court must dismiss the appeal as time-barred.
¶ 9. THE APPEAL FROM THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.