# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CT-01542-SCT
## CONSOLIDATED WITH
## NO. 2003-TS-00689

*ANTHONY McGRUDER*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/29/2000 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | YAZOO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BELINDA J. STEVENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | JAMES H. POWELL, III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED TO THE COURT |
| | OF APPEALS - 09/11/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### EN BANC.

### WALLER, JUSTICE, FOR THE COURT:

¶1.     We granted Anthony McGruder's petition for writ of certiorari to review the judgment

of the Court of Appeals which dismissed McGruder's direct appeal of his criminal conviction as untimely

filed. ***McGruder v. State***, 835 So.2d 104 (Miss. Ct. App. 2003), *cert. granted*, 847 So. 2d 866

(Miss. 2003). Finding that the Court of Appeals should have rendered a decision on this fully briefed

appeal, we reverse the Court of Appeals' judgment and remand the case to the Court of Appeals for a decision on the merits.

**FACTS**

¶2.     The following factual background was recited in the Court of Appeals' opinion. On June 23, 1998, a fire was started at 617 Grady Avenue in Yazoo City, Mississippi. Firefighters discovered two bodies in the house.  A subsequent investigation revealed the bodies to be those of Daisy Shinal and Willy Dixon, an elderly brother and sister who lived in the house along with Anthony McGruder, Shinal's grandson. Autopsies revealed that Dixon and Shinal had died days before the fire.  Shinal's cause of death was strangulation, and Dixon died of blunt force trauma to his head.  McGruder became the primary suspect in the police's investigation and later confessed to having a physical altercation with Dixon and Shinal.  At trial, State Deputy Fire Marshall Carl Rayfield and Yazoo City Fire Marshall James Jackson testified that piles of clothes had been placed over Shinal and Dixon and set on fire.  Paint thinner was used as an accelerant.  There were no signs of forced entry into the house.  McGruder was found guilty of the murders and of arson on November 29, 2000.  Defense counsel's first post-trial filing was a belated motion for JNOV filed on March 15, 2001.  McGruder filed a pro se motion to appoint new counsel on July 11, 2001.  The circuit court appointed new appellate counsel on September 7, 2001.  In the order appointing new counsel, the circuit court specifically authorized new counsel to "determine the necessity for an appeal of Defendant's case and to so file an appeal after consultation and assessment with the Defendant."  New counsel thereafter promptly filed a motion for JNOV which was denied on September 19, 2001.  A notice of appeal was filed by new counsel on  September 26, 2001.  The appeal proceeded in normal course with

briefs filed by each side. The Court of Appeals thereafter rendered an opinion on January 21, 2003, dismissing the appeal as untimely.

¶3. Adding some confusion to the proceedings were continued filings by McGruder. McGruder filed a pro se motion for out-of-time appeal on November 19, 2001, which was dismissed on December 20, 2001.

## DISCUSSION

¶4. M.R.A.P. 4 (a) and (d) require that an appeal be filed within thirty days after the trial court has ruled on post-trial motions. The rules makes provision for an extension to be granted in the trial court upon motion filed within thirty days after the expiration of the time otherwise allowed. No provision is made authorizing the trial court, sua sponte or on motion filed in that court, to thereafter grant an out-of-time appeal. Whether a trial court has authority to remedy the failure to file timely a notice after the time set by the rules for filing

a notice of appeal had expired is doubtful. *Coleman v. State*, 804 So. 2d 1032, 1037 (Miss. 2002).

However, we may grant an out-of-time appeal "where a person is convicted of a crime and through no fault of his own is effectively denied his right to perfect his appeal

within the time prescribed by law by the acts of his attorney or the trial court." *Jones v. State*, 355 So. 2d 89, 90 (Miss. 1978). We may suspend Rules 2 and 4 "when justice demands" to allow an out-of-time appeal in criminal cases. *Fair v. State*, 571 So. 2d 965, 966 (Miss. 1990).

¶5. Here, McGruder has done nothing to delay the perfection of his appeal. McGruder's trial counsel simply failed to file a JNOV until four months after the jury verdict and sentence were entered. Once appointed, new counsel was timely in all post-trial filings and the perfection of the appeal. McGruder's

3

appeal was untimely filed through no fault of his own. Justice demands that the out-of-time appeal filed by McGruder's new counsel be allowed and that this case should be considered on the merits. *See **Fair v. State***, 571 So. 2d at 967.

¶6.    McGruder's pro se filings require some discussion. The text of the circuit court's order of December 20, 2001, which denied the McGruder's motion of November 19, 2001, for out-of-time appeal was just that. The order disposed of McGruder's pro se filings only and did not affect the appeal which was filed by new counsel, which the trial court had specifically authorized, and which had already been filed.

### CONCLUSION

¶7.    We reverse the judgment of the Court of Appeals dismissing this appeal and remand the matter back to the Court of Appeals for consideration and a decision on the merits of the case.

¶8.    **REVERSED AND REMANDED TO THE COURT OF APPEALS.**

**PITTMAN, C.J., SMITH, P.J., COBB, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J. AND EASLEY, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**