856 So.2d 388 (2003)
Robert Lee DeLOACH, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01490-COA.
Court of Appeals of Mississippi.
March 18, 2003.
Rehearing Denied August 5, 2003.
Certiorari Granted December 4, 2003.
Carrie A. Jourdan, Columbus, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before SOUTHWICK, P.J., LEE and MYERS, JJ.
MYERS, J., for the court.
¶ 1. DeLoach was convicted of armed robbery on May 20, 1997. DeLoach filed an affidavit of poverty stating a desire to appeal. Other steps, including the estimation of costs of appeal and transcript costs were also completed. For reasons not apparent in the record, DeLoach never perfected an appeal. It was not until 2001 that any activity proceeded on behalf of DeLoach to actually seek an appeal.
*389 ¶ 2. The rule is that a notice of appeal is to be filed within thirty days of judgment or from the denial of certain post-trial motions. M.R.A.P. 4(a)(d) & (e). There is also a right for a party to seek a thirty-day extension to file a notice of appeal, provided the request is "filed not later than thirty days after the expiration of the time otherwise prescribed by this rule." M.R.A.P. 4(g). The appellate rules were amended in 1997 to establish an explicit time deadline for granting out-of-time appeals.[1] A trial court may reopen the time for appeal if "a party entitled to receive notice of entry of a judgment or order did not receive such notice ... within twenty one days of its entry" and if "no party would be prejudiced...." M.R.A.P. 4(h). A request to reopen is to be filed with the trial court "within 180 days of entry of the judgment or order or within seven days of receipt of such notice [of the entry of judgment], whichever is earlier.... " Id. (emphasis supplied).
¶ 3. The comment to the rule provides that a late appeal may be granted "only upon a motion filed within 180 days of the entry of judgment or within seven days of receipt of notice of such entry, whichever is earlier." M.R.A.P. 4(h) cmt. We conclude that these deadlines form boundaries for the judicial discretion that can be exercised. The trial judge did not have the authority to grant an out-of-time appeal at this point in time.
¶ 4. Additionally there is another bar to jurisdiction. Two orders, one appointing an attorney for an appeal and the other a separate order granting thirty days from date of signing to file an out-of-time appeal were signed by the trial judge on July 19, 2001, and filed the next day. The notice of appeal was not filed until August 24, 2001. This was the day after the supreme court dismissed a writ of mandamus requesting the supreme court to direct the circuit court to rule on the motion for out-of-time appeal. It was dismissed as being moot because the order had already been granted. We do not understand how the attorney knew she was appointed yet did not know the out-of-time appeal had been granted since the two orders were signed on the same day and filed on the same day. Even if the trial judge had authority to grant an out-of-time appeal, the deadline for perfecting the appeal had passed when the notice of appeal was filed.
¶ 5. THIS APPEAL IS DISMISSED AS BEING UNTIMELY FILED. COSTS ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] Prior to the rules amendments, an indefinite right by the court to suspend the rules existed.