890 So.2d 934 (2004)
Robert Lee DeLOACH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01490-COA.
Court of Appeals of Mississippi.
July 13, 2004.
Rehearing Denied September 14, 2004.
*935 Carrie A. Jourdan, Columbus, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
EN BANC.
SOUTHWICK, P.J., for the Court.
¶ 1. Robert Lee DeLoach was convicted of armed robbery in 1997. He did not file a notice of appeal until 2001. This Court dismissed the appeal as untimely. DeLoach v. State, 856 So.2d 388 (Miss.Ct.App.), cert. granted, 860 So.2d 1223 (Miss.2003). Our decision was reversed, and the case was remanded to us for a decision on the merits of the issues that DeLoach raised in his appeal.[1]DeLoach v. State, 2001-CT-01490-SCT, 890 So.2d 852, 2004 WL 1066818 (Miss. May 13, 2004). The merits attack the effectiveness of DeLoach's trial counsel. The arguments are unpersuasive, and we affirm.

FACTS
¶ 2. DeLoach was convicted of the armed robbery of a Junior Food Store in which about $450 was taken from the store manager. He was represented by appointed counsel and was sentenced to serve twenty-two years in the custody of the Mississippi Department of Corrections.
¶ 3. DeLoach appeals and argues that he was given ineffective assistance by his counsel. The State presented evidence that the store's manager had identified DeLoach as the perpetrator. Initially, the manager was unable to select one person in a photographic lineup. She was able during the third lineup to identify DeLoach as the man who robbed her. DeLoach's counsel made no motion to suppress this identification. The State also presented evidence that DeLoach had access to the type of truck that the witness identified as being involved in the crime.
¶ 4. DeLoach claimed that during the time of the robbery, he was asleep at his sister's home. He also claimed that he did not have a truck that day and in fact had to take a ride with his nephew to his daughter's home that day. He argues here that his counsel failed to subpoena these witnesses until the day before his trial. In the courtroom during his trial, DeLoach wore a prison uniform and claims that had his family been contacted, he would have been provided with clothing and grooming that would have made him appear less prejudicial before the jury. DeLoach argues that these failures by his attorney were to the level of being ineffective assistance.

PROCEDURAL ISSUES
¶ 5. We initially dismissed the appeal as being untimely. DeLoach, 856 So.2d at 389. This Court had in several cases interpreted an appellate rule to mean simply what it says, namely, that if a party dissatisfied with a trial court judgment does not file a notice of appeal within the initially available time period, that person has a right to file a request reopening the period for appeal "within 180 days of entry of the judgment or order or within 7 days of receipt of such notice [of the entry of judgment], whichever is earlier...." M.R.A.P. 4(h). See DeLoach, 856 So.2d at 389; Watson v. State, 841 So.2d 218, 219 (Miss.Ct.App.2003); McGruder v. State, 835 So.2d 104, 105 (Miss.Ct.App.2003); *936 Badger v. State, 826 So.2d 777, 779 (Miss.Ct.App.2002); Harris v. State, 826 So.2d 765, 768 (Miss.Ct.App.2002). Our first DeLoach decision and that in McGruder were reversed by the Supreme Court. DeLoach, 2001-CT-01490-SCT, 890 So.2d 852, 2004 WL 1066818 (Miss. May 13, 2004); McGruder, 886 So.2d 1 (Miss.2003).
¶ 6. The Supreme Court said that it was doubtful that "a trial court has authority to remedy the failure to file timely a notice of appeal" after the rule-defined maximum delay of 180 days. McGruder, 886 So.2d at 2. The Court then stated, though, that an appellate court may suspend the appellate rules and grant an out-of-time appeal "where a person is convicted of a crime and through no fault of his own is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court." Id., quoting Jones v. State, 355 So.2d 89, 90 (Miss.1978). The Court also cited a case that permitted the suspension of the time to appeal under Appellate Rule 4 "when justice demands," at least in criminal cases. Fair v. State, 571 So.2d 965, 966 (Miss.1990). Both precedents were written before amendments to Rule 4 were made that created an outer limit of 180 days to file for an out-of-time appeal. M.R.A.P. 4(h), as amended effective July 1, 1997, 689-692 So.2d LXII, LXIV-V (West Miss. Cases 1997); see Harris, 826 So.2d at 767. The language in Appellate Rule 2 allowing suspension also predates this amendment to Rule 4(h). Id.
¶ 7. The Supreme Court determined that the necessary relief for criminal defendants is to override the 180-day limitation set out in the rule itself. However, another available route is to file for post-conviction relief, a procedure that permits a prisoner to seek to convince a court that he is "entitled to an out-of-time appeal." Miss.Code Ann. § 99-39-5(1)(h) (Rev.2000). That remedy is able to protect inmates who "through no fault of their own" have not had an appeal of their underlying conviction. Though such a remedy might need to be brought within three years of the final judgment of conviction under section 99-39-5(2), a failure to seek some relief within three years may not be a situation that should be called "no fault" of the inmate. A later plea for relief would have to show an exceptional situation to which the three year bar does not apply, which is a reasonable constraint. Relying on post-conviction relief would also leave in effect the plain language of Appellate Rule 4(h), which sets an outer limit on how late a request for a direct appeal can be made.
¶ 8. Nonetheless, the Supreme Court which wrote the rule also is the final arbiter on its meaning. It held that Appellate Rule 4(h) solely limits the discretion of trial courts and not that of appeals courts. McGruder, 886 So.2d at 2. We have cited decisions in which we have held to the contrary. We consider them and any similar ones to be overruled to the extent they are inconsistent with the high court's decisions in McGruder and DeLoach.
¶ 9. It should be noted that if the 180-day limit is sometimes to be waived at the discretion of the appellate court, at least when a criminal defendant otherwise will not receive appellate review, the result will likely be that the limit must never apply to such criminal defendants. Case-by-case discretion may be unproductive and inefficient since the prisoner whose appeal is not permitted will be able to show to a federal court the inconsistent state results:
When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court. Thus, had respondent proceeded to federal habeas on the basis of the Miranda claim upon completing his direct review in *937 1978, federal review would have been barred by the state-law procedural default.
State procedural bars are not immortal, however; they may expire because of later actions by state courts. If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available.
Ylst v. Nunnemaker, 501 U.S. 797, 801, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (citations omitted). Failure to apply a procedural bar consistently and regularly to criminal appellants' claims will result in that bar not being considered an adequate state ground; federal habeas review beyond the procedural bar will be required. E.g., Dugger v. Adams, 489 U.S. 401, 410 n. 6, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989). We doubt that the state Supreme Court would wish for such an open invitation to be issued for relitigating convictions in federal court. Therefore, it is difficult to envision situations in which a state criminal defendant would ever not be able to file for an out-of-time appeal from his conviction, though the Supreme Court did refer to the delay needing to be the fault of someone besides the defendant himself. If all timing rules are subject to being suspended, then for purposes of habeas analysis, there may be no timing rules.
¶ 10. The Supreme Court in its remand of the present case and in McGruder implied that trial judges do not have authority to grant an out-of-time appeal later than 180 days after the judgment. The Court has also stated that the appellate courts may grant such appeals. What is the proper order for a trial judge when presented with such a request is an issue for another day.

INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 11. DeLoach claims that his trial counsel should have moved to have the eye-witness testimony of the store manager suppressed, should have ensured some of his relatives were in the courtroom to testify so that they could support his alibi, and should have ensured he was dressed in something other than his prison uniform. In order for DeLoach to establish that his case should be reversed because of attorney errors, he must show that his attorney was significantly deficient, and that but for counsel's errors, the outcome of the prosecution likely would have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 12. DeLoach's trial counsel, Donna Smith, made a request for discovery and disclosure prior to trial. During trial, Smith cross-examined the store owner as to her inability to identify DeLoach as the perpetrator until the morning of the trial. She questioned witnesses as to whether DeLoach had access to the truck used during the crime. Smith made objections during testimony and moved for a directed verdict at the conclusion of the State's case-in-chief. There was also an attempt to have family members testify on DeLoach's behalf. Telephone calls were made to them before trial. When the family failed to attend the courtroom proceedings, Smith requested subpoenas for these witnesses. She discussed with DeLoach that the decision whether to testify belonged to him. Smith called a barber to testify about DeLoach's appearance to compare his usual hairstyle with the description the store manager gave of the robber. She also made opening and closing statements in which she presented his alibi. Smith prepared and submitted jury instructions to the court.
*938 ¶ 13. The performance by DeLoach's attorney does not fall to the level required for a finding of ineffective assistance. On the merits of this appeal, we find no error and affirm.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY-TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., BRIDGES, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] Those seeking a writ of certiorari after being dissatisfied in this Court would be well-served to join all their complaints, including those not ruled upon here, in their petitions for the writ. Perhaps the Supreme Court would rule on the other issues, avoiding the inefficiencies and delays attendant to a remand here to consider the other issues.