KING, C.J.,
for the Court.
¶ 1. Bernard Bell was charged in a multi-count indictment with transfer of a controlled substance, and possession of a controlled substance, both within one thousand feet of a day care, kindergarten and church, making him subject to an enhanced penalty. Also about May 16, 1997, Bell was indicted on a charge of aggravated assault. Rather than going to trial, on November 24, 1997, Bell entered a plea of guilty to Count I, transfer of a controlled substance and aggravated assault. Count II, possession of a controlled substance, was nolle prosed. Bell was sentenced to serve ten years on the charge of transfer of a controlled substance, and twenty years on the charge of aggravated assault, to be served concurrently, with four years suspended.
¶ 2. On October 23, 2000, Bell filed a pro se motion for post-conviction collateral relief. On November 28, 2001, after retaining counsel, Bell filed a motion requesting that the State be required to respond to the petition for post-conviction relief. Unknown to Bell, on January 29, 2001, the trial court entered an order denying his motion for post-conviction relief.
¶ 3. On April 19, 2002, a hearing was held on Bell’s motion to require the State to respond to the motion for post-conviction relief. At that hearing, the trial court informed Bell that an order had been entered on January 29, 2001, which denied his motion for post-conviction relief. On May 14, 2002, Bell filed a motion to set aside the order denying post-conviction relief. On July 18, 2003, a hearing was held on the motion to set aside the order denying Bell’s motion for post-conviction relief. On September 2, 2003, the trial court entered its order denying the motion.
¶ 4. On September 29, 2003, Bell filed his notice of appeal. On appeal, Bell asserts that the trial court erred in refusing to either set aside its order denying him post-conviction relief or to re-open the time for appeal of same.
*105 ISSUE AND ANALYSIS
Whether the trial court erred in denying appellant’s request to set aside the order denying his motion for post-conviction relief or to re-open the time for appeal of same.
¶ 5. The trial court correctly noted that it lacked the authority to either set aside the order denying post-conviction relief, or to grant an out of time appeal. See DeLoach v. State, 890 So.2d 934, 937 (¶ 10) (Miss.Ct.App.2004). Because Bell never received a copy of the order which denied him post-conviction relief, this Court deems it appropriate to accept Bell’s current appeal as a request for out of time appeal, and grant the same. Id. at 936 (¶ 7).
¶ 6. The transcript of the plea hearing conducted on November 24, 1997, reflects that the trial judge took great care (1) to ascertain that Bell had the ability to understand the proceedings, (2) to ascertain that Bell was under no disability, (3) to ascertain that Bell knew and understood the charges against him, (4) to ascertain that Bell knew the possible sentence ranges, (5) to ascertain that Bell knew and understood the rights which he would give up by pleading guilty, (6) to ascertain that Bell had received adequate counsel, (7) to ascertain that Bell wanted to of his own volition plead guilty, and (8) to ascertain that there was a factual basis for each plea.
¶ 7. Bell gave an appropriate answer to each of the questions posed to him by the trial judge. The trial court therefore accepted Bell’s plea of guilty to the two charges. Particularly worth noting is his response to the judge’s request that he tell her what he had done in these causes. His response to the trial court judge provides the following:
THE COURT:
Tell me about this case and what you did. Mr. Bell, tell me about your cases. You’re pleading on one aggravated assault. Tell me about that. <©
I did cause bodily injury to Randy Cauley. We had got into an argument and I got upset and I pulled out a pistol and I shot at him.
Did you hit her?
Yes, ma’am, hit him.
Him. I’m sorry. Where did you hit him? Where did you shoot him?
He was shot in the head. í>
The head? «O
Yes, ma’am. P>
What about the transfer case?
I did sell to a undercover narc.
What did you sell?
A 20-cent rock.
¶ 8. An order from the trial court dismissing a prisoner’s motion or otherwise denying relief concerning post-conviction relief is a final judgment and shall be conclusive until reversed. Miss.Code Ann. § 99-39-23(6) (Supp.2003). When reviewing a trial court’s denial of a motion for post-conviction relief, an appellate court will reverse only where the decision of the trial court was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567 (¶ 8) (Miss.1999). There is nothing which causes this Court to conclude that the actions of the trial court were clearly erroneous.
¶ 9. This Court sees no reason to reverse the denial of post-conviction relief. While Bell makes many claims in his motion for post-conviction relief, all of those claims are contradicted by the record of the plea hearing. Accordingly, we affirm the actions of the trial court.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DENYING BELL’S MOTION TO *106 SET ASIDE THE ORDER DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.