# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-KM-00839-COA

MATTHEW O. REARDON A/K/A MATTHEW REARDON A/K/A MATTHEW OLIVER REARDON                                                      APPELLANT

v.

STATE OF MISSISSIPPI                                                                                       APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/28/2024 |
| TRIAL JUDGE: | HON. JOHN KELLY LUTHER |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MATTHEW O. REARDON (PRO SE) |
| ATTORNEY FOR APPELLEE: | BELA J. CHAIN III |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | REVERSED AND REMANDED - 02/24/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WEDDLE AND LASSITTER ST. PÉ, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Matthew Reardon, appearing pro se, appeals the Lafayette County Circuit Court's dismissal of his misdemeanor appeal for lack of jurisdiction, finding it untimely and not perfected.  Reardon argues: (1) the circuit court erred by dismissing his appeal based on a failure to file the required bonds or costs, despite the justice court's waiving them due to Reardon's indigence; (2) the circuit court violated his constitutional right to continued appellate counsel in violation of the Sixth and Fourteenth Amendments; and (3) cumulative error.

¶2.     We find that the justice court's erroneously allowing Reardon's counsel to withdraw prior to filing his notice of appeal (with appropriate bonds) to circuit court resulted in the

problems Reardon encountered perfecting his appeal (as discussed below) and, ultimately, the circuit court's dismissal of his appeal for lack of jurisdiction. Accordingly, we reverse and remand for an appeal in the circuit court.

¶3. No brief was filed on behalf of the State; however, it is unclear from the record whether the local prosecutor ever received Reardon's notice of appeal. Our Clerk of Appellate Courts did, however, send the local prosecutor a notice of deficiency to which he did not respond. We will therefore apply the standard established by the Mississippi Supreme Court for the failure to file an appellee brief. *See Stratton v. McKey*, 298 So. 3d 999, 1003 (¶11) (Miss. 2020) (There are two alternative approaches for review—the court may "accept appellant's brief as confessed and . . . reverse" when the record is voluminous or complicated, or the court may disregard the appellees' error and affirm when examination of the record reveals a sound basis to affirm the judgment.). Under the facts of the case, we find no sound basis on which to affirm; accordingly, we reverse and remand.

### FACTS AND PROCEDURAL HISTORY

¶4. Reardon was charged with five misdemeanors in Lafayette County, Mississippi: resisting arrest and disorderly conduct in December 2020 and driving under the influence (first offense), expired/no tag, and improper equipment in February 2021. On November 24, 2021, the Lafayette County Justice Court entered judgments of guilty against Reardon for four misdemeanor offenses. On December 2, 2021, the justice court entered an order granting: (1) his motion to stay execution of the judgment without bond, (2) his motion to

extend the time to appeal, and (3) his counsel's (Mitchell Driskell) motion to withdraw.[1] The order stated:

> That the honorable Mitchell O. Driskell, III, counsel for Matthew Reardon, is hereby allowed to withdraw as counsel and his representation of Matthew Reardon is hereby terminated.
>
> That Matthew Reardon is indigent and by reason of poverty he cannot offer security required by law and is unable to give bond to appeal the judgment against him. Mr. Reardon is allowed to appeal, if he desires to do so, and execution of judgment will be stayed without the requirement of supersedeas bond.
>
> That Mr. Reardon shall have an additional ten (10) days beyond the current appeal deadline to file an appeal should he desire to do so.[2]

Much of the confusion in this case arises from the justice court's order.

¶5. On December 3, 2021, Reardon, appearing pro se, filed in justice court, as well as circuit court, a document entitled "Motion to Alter or Amend Judgment under M.R.C.P. 59(e) or in the Alternative to Vacate Judgment Entered Pursuant to M.R.C.P. 60(b)(1, 2, 3, 4, 6)." At the end of the twelve-page document, Reardon stated: "In the interest of Judicial Economy, please take Judicial Notice of this Motion to serve as Defendant's Notice of Intent to Appeal the Judgment/Order."

¶6. On December 8, 2021, the justice court denied Reardon's motion, explaining that the Mississippi Rules of Civil Procedure applied to civil suits in circuit, chancery, and county court and were inapplicable to the criminal matter, citing Rule 1 of the Mississippi Rules of

---

[1] It is unclear from the record why Driskell withdrew as counsel at this time.

[2] The circuit court later ruled under Mississippi Rule of Criminal Procedure 1.3(b) that the justice court did not have authority to extend the time for taking an appeal.

Civil Procedure.[3] The justice court made no mention of Reardon's notice of intent to appeal or that it should be filed in circuit court rather than in justice court. On December 27, 2021, Reardon, appearing pro se, filed in justice court a document entitled "Formal Notice of Defendant's Intent to Appeal De Novo" in which he requested an appeal and reconsideration and dismissal of his charges. Reardon explained in a later motion that "in an effort to play things safe," he also tried to file a copy of this same notice in the circuit court, but a clerk told him that his indigent status "was being revoked for other matters" and that it would cost him approximately $150 to file his notice. Reardon also stated that his notice of appeal was refused by the circuit clerk's office on December 27, 2021. Reardon did not file the notice of appeal in circuit court at that time.

¶7. In 2022, Reardon began filing documents related to his appeal in circuit court. On January 7, 2022, Reardon filed an affidavit of poverty[4] and a motion to hear his December 3, 2021 motion, which he claimed had remained "unanswered." He also filed a petition to

---

[3] The justice court apparently gave no consideration to Mississippi Rule of Criminal Procedure 29.1, which gave the justice court jurisdiction over the motion but would not have extended the time for filing a notice of appeal. *See* MRCrP 29.1 & cmt. The comment to Rule 29.1(a) states that "pending post-trial motions do not extend the time for taking an appeal; nor is the time for filing a notice of appeal extended if the lower court judge stays execution of the judgment." *Id.*

[4] In his January 10, 2022 "Motion to Seal I.F.P. Affidavit," Reardon informed the court that

> his IFP status for appeal was already approve[d] to proceed on appeal without the pre-payment of supersedes bond via the original trial judge, Chris Childers, and that a copy of that order granting approval was offered to this court on December 27, 2021, which was refused by the Clerk's office on that particular day.

4

appoint counsel.[5]

¶8.     In April 2022, the circuit court held a hearing on Reardon's pending motions. Reardon mentioned several times that he attempted to file his notice of appeal in circuit court as well as justice court "so that all bases were covered," but he testified a court clerk told him that nothing else could be filed in this matter until the other open matters in his case were heard. Reardon initially appeared pro se, but midway through the hearing, he requested that his former public defender, Driskell, who happened to be in the courtroom, be appointed counsel again in this matter because "[i]t's been a lot to keep up with." The circuit court agreed, finding statutory law required the court to appoint Reardon counsel.[6] Regarding Reardon's appeal, the parties and circuit court acknowledged that the justice court had never ruled on Reardon's December 27, 2021 motion to reconsider; therefore, there was no final judgment from which to appeal.[7] The parties agreed, however, that Reardon would

---

[5] The county attorney for Lafayette County, Bela Chain, responded to Reardon's motions, claiming: (1) the circuit court had no jurisdiction over his December 3 motion as the justice court denied his motion on December 8, 2021, (2) Reardon never appealed that ruling, and (3) Reardon "cited authority to the Mississippi Rules of Civil Procedure which were inapplicable," as found by the justice court's December 8 order. Further, Lafayette County contended that Reardon had not complied with Mississippi Rule of Criminal Procedure 29.1, which provided the procedure for appeals from justice court.

[6] The circuit court appointed Reardon counsel under Mississippi Code Annotated section 99-15-15 (Rev. 2020), which provides that any person charged with a felony or misdemeanor punishable by a confinement of ninety days or more, who is deemed indigent, may be appointed defense counsel at the discretion of the court. The circuit court found Reardon's disorderly-conduct charge fulfilled the misdemeanor confinement requirement.

[7] This understanding appears to be in conflict with Mississippi Rule of Criminal Procedure 29.1, *see supra* note 3, stating that post-trial motions do not extend the time for taking an appeal.

5

withdraw that motion from justice court so he could proceed in circuit court. The circuit court found Reardon's December 3 motion to alter or amend the judgment was denied by the justice court and was not properly before the court. At the hearing, the circuit court declined to rule on whether Reardon had properly perfected an appeal but did not overrule the justice court's decision finding Reardon indigent.

¶9. On April 18, 2022, Driskell, on behalf of Reardon, filed a corrected notice of appeal and demand for a jury trial under Rule 29.1, noting that the justice court found Reardon could proceed in forma pauperis; thus, no cost or appearance bonds were required. Chain filed a response arguing that both requests were untimely and unperfected.

¶10. For the next two years, the circuit court docket shows that no action was taken on the appeal. Accordingly, in May 2024, the clerk of the circuit court moved to dismiss the case for lack of prosecution. In response, Driskell, on behalf of Reardon, filed a motion to reinstate the case, claiming the motions and notice of appeal were still pending before the circuit court, and Reardon had perfected the appeal of his justice court convictions.

¶11. On June 28, 2024, the circuit court entered an order of dismissal because Reardon never timely perfected his appeal. Rule 29.1(a) provides that an appeal from justice court to circuit court is perfected "by filing simultaneously a written notice of appeal, and both a cost bond and an appearance bond (or cash deposit) . . . with the clerk of the circuit court having jurisdiction within thirty (30) days of such judgment." The court found that although Reardon's December 3, 2021 motion to alter or amend the judgment was filed within the required thirty-day period (from his November 24, 2021 judgment of conviction), the motion

6

was not a notice of appeal because it sought improper relief for a criminal appeal under the Mississippi Rules of Civil Procedure. Further, the court found Reardon's "corrected" notice of appeal, filed on April 18, 2022, by appointed counsel, merely corrected the content deficiencies of Rule 29.1(c). Additionally, the court found it "troubling" that Reardon never timely submitted an affidavit of poverty or a cost and appearance bond, noting that while he did file an affidavit of poverty on January 7, 2022, it was past the thirty-day deadline.

¶12. On July 11, 2024, Reardon filed a motion to reconsider, which the circuit court denied for the same reasons. The court cited *Garth v. State*, 380 So. 3d 933, 936 (¶15) (Miss. 2024), in concluding that no authority allows for the filing of the required bonds past the thirty-day appeal time, and the court cannot extend the time for taking an appeal under Rule 29.1. The court concluded that Reardon's failure to post the required bonds (or an affidavit of poverty) within the required time was not a curable defect and deprived the circuit court of jurisdiction. Aggrieved, Reardon appealed, and the appeal was assigned to this Court.

¶13. In August 2024, the circuit court allowed Reardon to appeal in forma pauperis, as he was incarcerated. In September 2024, the circuit court denied Reardon's motion to appoint counsel for his appeal here because only those indigent persons convicted of felonies are entitled to representation under Mississippi Code Annotated section 99-40-1(2) (Rev. 2020). Here, Reardon was only convicted of misdemeanors and was not sentenced to serve any time in jail.

## DISCUSSION

¶14.    Reardon raises three issues, but we need only address the first two issues—whether the circuit court erred in dismissing his misdemeanor appeal based on lack of jurisdiction and whether Reardon should have been appointed appellate counsel. Because Reardon was without counsel during his attempt to perfect his appeal, we find this matter must be reversed and remanded, with appointment of counsel should Reardon still qualify as indigent.

¶15.    Jurisdiction is a question of law that we review de novo. *Wakefield v. State*, 405 So. 3d 95, 103 (¶24) (Miss. Ct. App. 2023). As stated earlier, under Mississippi Rule of Criminal Procedure 29.1(a), an appeal from justice court to circuit court is perfected "by filing simultaneously a written notice of appeal, and both a cost bond and an appearance bond (or cash deposit) . . . with the clerk of the circuit court having jurisdiction within thirty (30) days of such judgment."

¶16.    The justice court's December 2, 2021 order created several issues for Reardon. First, Reardon's appointed counsel (Driskell) was allowed to withdraw before his appeal was perfected, and the justice court did not reappoint counsel. Second, the court purportedly gave Reardon an additional ten days to file his notice of appeal. Third, finding Reardon indigent, the justice court found Reardon unable to post bond for an appeal and stayed execution of the judgments. We shall address each issue in turn.

¶17.    Under Mississippi Rule of Criminal Procedure 7.2, which provides the procedure for appointment of counsel for indigent defendants in circuit, county, municipal, and justice courts, Reardon was entitled to a reappointment of counsel to file his notice of appeal. Rule 7.2(c) provides:

8

Counsel representing a defendant at any stage shall continue to represent that defendant in all further proceedings in the case, *including filing a notice of appeal*, unless counsel is allowed to withdraw for good cause as approved by the court and new counsel is retained or appointed (unless the right to counsel has been properly waived pursuant to Rule 7.1(c)[8]).

(Emphasis added). The comment to Rule 7.2 further provides:

Nothing in Rule 7.2 limits the ability of a court to establish a procedure pursuant to Rule 7.2(a)(1) for appointing an attorney to represent a defendant for a limited purpose or time, after which another attorney is appointed or retained to represent the defendant for subsequent proceedings. *In that event, trial counsel should be substituted as soon as practicable and continuous representation must be preserved. . . .*

*If the court allows counsel to withdraw, the court shall see that new counsel is retained or appointed before granting permission to withdraw,* unless the right to counsel has been properly waived pursuant to Rule 7.1(c). In this way, subsection (d) maintains the integrity of the trial date, while also protecting the interests of the defendant and aiding the trial court in providing continuity in legal representation.

(Emphasis added). Rule 7.3(g) also specifically addresses the appointment of counsel during an appeal following counsel's withdrawal: "When prior counsel is permitted to withdraw, the trial or appellate court shall appoint new counsel for a defendant legally entitled to such representation on appeal." MRCrP 7.3(g).

¶18. Reardon's failure to perfect his appeal stems from lack of counsel, which is required for indigent defendants under Rule 7.2 and Rule 7.3(g). The justice court allowed Driskell to withdraw before the perfection of Reardon's notice of appeal and without reappointing counsel to maintain "continuous representation." While the circuit court eventually

---

[8] There is no indication in the record that Reardon waived counsel under Rule 7.1(c).

reappointed Reardon counsel (Driskell) at the April 2022 hearing,[9] it was too late to perfect his appeal.[10] Therefore, there was a gap in representation during this pivotal time—while Reardon was attempting to perfect his appeal—which resulted in its dismissal.

¶19.    Reardon also relied on the justice court's December 2 order, which purported to grant him ten additional days to file his notice of appeal. Rule 1.3(b) of the Mississippi Rules of Criminal Procedure provides that "a court may not, except as provided elsewhere in these Rules, extend the time for . . . taking an appeal."[11] Nevertheless, Reardon's December 27 notice of appeal was timely without the ten-day extension. After the justice court denied his December 3 motion, Reardon, appearing pro se, filed a more specific notice of appeal on December 27 (entitled "Formal Notice of Defendant's Intent to Appeal de Novo") which fulfilled the content requirements of a notice of appeal. Under Mississippi Rule of Criminal Procedure 1.3, which provides the rules for computation of court deadlines, Reardon's December 27 motion was still within the thirty-day period for a misdemeanor appeal. The justice court entered Reardon's judgment of conviction on November 24, 2021. Computation begins the following day of November 25. The thirtieth day fell on December

_____

[9] The circuit court found Reardon's disorderly conduct charge satisfied section 99-15-15's requirement.

[10] In June 2024, Reardon's same counsel filed a motion to reinstate the case but requested he be allowed to withdraw due to a conflict of interest and no longer being a "regular public defender."

[11] Mississippi Rule of Appellate Procedure 4(g), however, allows the trial court to extend the time for filing a notice of appeal from chancery or circuit court to the supreme court, or from county court to circuit court, under certain circumstances. *See also* Rule 4(h) (reopening time for appeal if a party did not receive notice of judgment from the clerk or a party).

24, 2021, which was a Friday and a State holiday;[12] therefore, Reardon had until Monday, December 27, 2021, to file his notice of appeal, which he did.

¶20. Unfortunately, Reardon, without counsel at the time, improperly filed his notice in the justice court instead of circuit court. The record shows he attempted to file the notice in circuit court that same day but was told by a clerk that his indigent status was "revoked," and he would have to pay a filing fee of $150. The record provides no explanation for why Reardon was told this. From the record, Reardon has been indigent throughout the entire course of these proceedings. If Reardon had counsel during this period, both of these errors may well have been avoided.

¶21. Additionally, the December 2, 2021 justice court order appeared to waive Reardon's bond and cost requirement in the circuit court. Under Rule 29.3, in an appeal from justice court to circuit court, the defendant must pay a cost bond "[u]nless excused by the county or circuit court by the making of an affidavit of poverty. . . ." MRCrP 29.3(a). However, the amount of the bond is to be set by the trial court (minimum of $100 and maximum of $2,500). Here, the rule gave the circuit court the authority to determine Reardon's indigency; Reardon, however, apparently relied on the justice court's finding of indigency and did not take the required affidavit to the circuit court on December 27. Additionally, one could view the justice court's order as setting the bond at zero dollars. While the zero amount of bond would be a violation of Rule 29.3(a) by the justice court judge, it is

---

[12] The Governor's proclamation of this date as a State holiday can be found at https://www.sos.ms.gov/content/documents/ed_pubs/holidays/ThanksgivingChristmasNewYear2021.pdf (last visited Feb. 18, 2026).

11

questionable whether the clerk of the circuit court had a right to refuse filing the notice of appeal, with the bond of zero.

¶22. We find Reardon was improperly denied continuous representation of counsel, as required, which under the unique circumstances of this case resulted in the dismissal of his appeal for lack of jurisdiction. In *Deloach v. State*, 890 So. 2d 852, 855 (¶14) (Miss. 2004), the Mississippi Supreme Court held that a defendant was not at fault for failing to file a formal notice of appeal. There, it was unclear from the record why the defendant's appointed trial counsel never filed a notice of appeal, but the same day of Deloach's conviction and sentence, he filed with the supreme court an affidavit of indigency and stated that he wanted to appeal his conviction. *Id.* at (¶¶13-14). The supreme court reversed this Court's dismissal of his appeal as untimely and allowed Deloach to file an out-of-time appeal. Here, we do the same. The errors in this case were not of Reardon's making. Accordingly, we reverse the circuit court's dismissal of Reardon's misdemeanor appeal and remand this case to the circuit court for proceedings consistent with this opinion. Reardon should be appointed counsel before the circuit court on remand, should he still qualify as being indigent.

¶23. **REVERSED AND REMANDED.**

**CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. WILSON, P.J., AND EMFINGER, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**