826 So.2d 765 (2002)
Albert Ray HARRIS, a/k/a James Ray Harris, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01458-COA.
Court of Appeals of Mississippi.
September 17, 2002.
*766 Albert Ray Harris, Pro Se, Attorney for appellant.
Office of the Attorney General by John R. Henry Jr., attorney for appellee.
Before SOUTHWICK, P.J., LEE, and MYERS, JJ.
SOUTHWICK, P.J., for the court.
¶ 1. Albert Ray Harris pled guilty to one count of burglary of a dwelling and one count of grand larceny. Five months later, Harris filed a motion for post-conviction relief that was denied by the circuit court. Harris did not file a timely appeal. Harris now seeks permission for an out-of-time appeal from this Court. Finding that we have no jurisdiction, we dismiss the motion.

STATEMENT OF FACTS
¶ 2. On April 10, 2000, Harris pled guilty to burglary and grand larceny in exchange for the State's agreement to dismiss the habitual offender portion of the indictment against him. Harris was sentenced to twenty-five years incarceration with five years of that sentence suspended.
¶ 3. On September 8, 2000, Harris filed a motion for post-conviction relief. Harris alleged that his counsel rendered ineffective assistance by using deception to induce a guilty plea, by allowing his right against double jeopardy to be violated, by allowing the trial court to impose an illegal sentence, and by acting more "as the District Attorney rather than petitioner's counsel...." The only documents offered in support were the court record and Harris's affidavit stating that he believed that he was entitled to the relief requested. Also filed by Harris was a petition to withdraw his guilty plea containing similar allegations.
¶ 4. On October 23, 2000, the circuit court dismissed both the motion for post-conviction relief and the petition to withdraw his guilty plea. The circuit court stated that after reviewing the transcript of Harris's guilty plea that the "motion and petition are totally lacking in merit and are not based on any facts justifying any relief...." Harris did not initially appeal from these orders.
¶ 5. At some point, Harris filed a petition for habeas corpus relief in the United States District Court for the Northern District of Mississippi. According to a copy of a March 21, 2001 order and final judgment provided by Harris on this appeal, that court dismissed Harris's petition, citing a failure to exhaust state remedies. The court's opinion noted that Harris had filed a motion for post-conviction relief in state court; the motion had been denied on October 23, 2000, and Harris had "done nothing further even though he has the right to appeal to the Mississippi Supreme Court."
¶ 6. On September 10, 2001, Harris filed with the Mississippi Supreme Court an appeal of the circuit court's October 2000 order and claimed that he had only recently learned of the judgment. No notice of *767 appeal was ever filed with the trial court. The matter was deflected here.

DISCUSSION
¶ 7. Harris claimed in his notice of appeal to have only "recently" learned that the circuit court dismissed his motion for post-conviction relief and petition to withdraw his guilty plea. Harris asserted that he never received a copy of the order from the circuit clerk's office. The rules of civil procedure state that "[i]mmediately upon the entry of an order or judgment the clerk shall serve a notice of the entry in the manner provided for in Rule 5...." M.R.C.P. 77(d). Rule 5 allows service by mail. M.R.C.P. 5(b). However, there is nothing in the abbreviated record before us that indicates whether the circuit clerk mailed Harris notice of the entry of judgment.
¶ 8. Actions under our post-conviction relief statutes are civil in nature. Miss. Code Ann. § 99-39-7 (Supp.2001). Even so, appeals of final judgments for post-conviction relief are governed by the same procedural rules as apply to criminal matters. Miss.Code Ann. § 99-39-25(1) (Supp.2001). An order of the circuit court dismissing a motion for post-conviction relief "is a final judgment and shall be conclusive until reversed." Miss.Code Ann. § 99-39-23(6) (Supp.2001).
¶ 9. Prior to adoption of a rule that we will discuss below, the Supreme Court discussed the procedure for allowing an out-of-time appeal in a post-conviction relief action. A circuit court allegedly did not send notice to three prisoners of the denial of their motions. Williams v. State, 456 So.2d 1042, 1042 (Miss.1984). The Supreme Court stated that it would be proper for the circuit court to determine whether prisoners' failure timely to appeal was "through no fault of their own." Id. at 1043. It then remanded the suit to the trial court to determine whether in fact the failure to file a timely appeal was due to lack of notice. Id. at 1044.
¶ 10. Thirteen years after Williams, the Supreme Court revised the appellate rules to establish explicit parameters for the granting of out-of-time appeals. When a notice of appeal is not timely filed within thirty days of judgment, a trial court may reopen the time for appeal if "a party entitled to receive notice of entry of a judgment or order did not receive such notice ... within 21 days of its entry" and if "no party would be prejudiced...." M.R.A.P. 4(h). A request to reopen is to be filed with the trial court "within 180 days of entry of the judgment or order or within 7 days of receipt of such notice [of the entry of judgment], whichever is earlier...." Id. (emphasis supplied).
¶ 11. The circuit court's order was entered on October 25, 2000. The last date that a request for an out-of-time appeal may properly be filed under Rule 4(h) is 180 days after the judgment. If that option applied, Harris had to file no later than April 23, 2001. Instead, he filed in September 2001.
¶ 12. Harris may have needed to file before that time. If more than a week before the 180 days had run, Harris was given sufficient though tardy notice of the entry of judgment, then his request for an out-of-time appeal had to have been filed within seven days after that. The federal court judgment of March 28, 2001, explicitly informed him of the earlier dismissal of his state suit. Like our circuit court clerks, the clerk of the federal court is under a duty immediately to serve notice of the entry of judgment. F.R.C.P. 77(d). Harris certainly knew or should have known as of receipt of the federal judgment that relief in state court had been denied in October 2000. How formal the *768 late notice of entry of a judgment has to be is not stated in the rule. See M.R.A.P. 4(h) cmt. (notice from the winning party or the court clerk would suffice). Regardless of this question, Harris certainly did not file within 180 days of the original entry of judgment.
¶ 13. One remaining issue is whether Rule 4(h) is absolute or instead is subject to being waived by a court. What creates this question is a comment to the rule that in "criminal cases, the Court may suspend this Rule 4 to permit out-of-time appeals," with a cite to the 1984 Williams decision as authority. M.R.A.P. 4(h) cmt. An examination of the background of that comment reveals that it has existed since before the creation of Rule 4(h) that imposed specific time requirements for late appeals. When new Rules of Appellate Procedure became effective on January 1, 1995, the Court's right to "suspend" Rule 4 was in the comments. See 644-647 So.2d XXIII, XXX (West Miss. Cases 1995) (effective Jan. 1, 1995). Even though that comment remains in the rule, it must be read in light of the strict time requirements adopted in 1997 by Rule 4(h). 689-692 So.2d LXII, LXIV-V (West Miss. Cases 1997) (effective July 1, 1997). Thus it may not be accurate to analyze these issues in terms of a court's right to "suspend" Rule 4's time requirements. Instead, a judge may "reopen" the time for appeal if a timely request is made. A more precise comment now elaborates on the Rule: a late appeal may be granted "only upon a motion filed within 180 days of the entry of judgment or within 7 days of receipt of notice of such entry, whichever is earlier." M.R.A.P. 4(h) cmt. We find nothing that allows the suspension of those specific requirements.
¶ 14. We note that the almost identically-worded Federal Rule of Appellate Procedure 4(a)(6), while applying only to civil cases, has been found to provide for an absolute 180-day limit:
The seven-day window for filing motions under Rule 4(a)(6) is opened only if and when a party receives notice of the entry of the judgment or order he seeks to appeal. That notice must be received "from the clerk or any party." In no case, however, may the window be opened more than 180 days after the entry of the judgment.
Benavides v. Bureau of Prisons, 79 F.3d 1211, 1214 (D.C.Cir.1996).
¶ 15. Therefore, we dismiss for Harris' failure to file a timely request for a late appeal.
¶ 16. THE APPELLANT'S REQUEST FOR PERMISSION TO FILE AN OUT-OF-TIME APPEAL FROM THE CIRCUIT COURT OF PONTOTOC COUNTY IS DISMISSED. COSTS OF THIS PROCEEDING ARE ASSESSED TO PONTOTOC COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.