841 So.2d 218 (2003)
Willie L. WATSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00488-COA.
Court of Appeals of Mississippi.
April 1, 2003.
Willie L. Watson (Pro Se), attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Willie Watson appeals after his guilty plea was accepted. He alleges error in the length of his sentence, that his counsel was ineffective, and that his plea was not knowing and voluntary. We find this appeal procedurally barred and dismiss.

FACTS
¶ 2. On March 27, 2001, Willie Watson entered a plea of guilty to the charge of fondling a child under the age of fourteen. In accordance with its plea negotiations with Watson, the State recommended a ten year sentence. The court instead sentenced Watson to fifteen years with ten years to serve, five years suspended and five years' probation.
¶ 3. Four months later, in a letter to the circuit court, Watson requested that the sentencing judge correct the order to reflect Watson's understanding of his sentence: five years to serve, five years suspended and five years' probation for a total of fifteen years. No order on that motion appears in the record. On September 11, 2001, Watson filed a motion for the plea transcript and record, which was denied the following week.
¶ 4. On March 20, 2002, Watson simultaneously filed in the Supreme Court a notice of appeal of the March 27, 2001 order that accepted his guilty plea and sentenced *219 him, and filed in the circuit court a petition to proceed in forma pauperis on appeal of denial of post-conviction relief. On April 18, 2002, the circuit court granted the in forma pauperis petition "insofar as court/transcript costs and expenses are concerned."

DISCUSSION
¶ 5. In his notice of appeal, Watson identifies the order entered by the Bolivar County Circuit Court on March 27, 2001 as the basis of his appeal. That is the order that accepted Watson's guilty plea. A defendant who enters a guilty plea loses the right to file a direct appeal of the merits of the conviction. Miss.Code Ann. § 99-35-101 (Rev.2000). The proper procedure would be to file for post-conviction relief. Miss.Code Ann. § 99-39-5 (Rev.2000). A defendant may appeal the sentence imposed following a guilty plea. Trotter v. State, 554 So.2d 313, 315 (Miss. 1989).
¶ 6. Although one of Watson's concerns is the propriety of the sentence imposed upon him, we find we are without jurisdiction to review even that claim. Watson did not file his notice of appeal until nearly one year after the entry of his guilty plea. He was required to file his notice of appeal within thirty days of the entry of the order that he seeks to appeal. M.R.A.P. 4(a). Moreover, Watson did not exercise his right to move within 180 days of the order being appealed to have the time for appeal reopened. M.R.A.P. 4(h).
¶ 7. Watson experienced some difficulty obtaining an order on his motion to obtain records and a transcript of his guilty plea. However, this is not the order from which he appeals. Physical possession of the record is not required before a notice of appeal is to be filed.
¶ 8. Watson may still file a petition for post-conviction relief. Miss.Code Ann. § 99-39-5 (Rev.2000). Although his pleadings to this Court identify this as an appeal from the denial of a petition for post-conviction relief, he has never filed for such relief. The most that can be said is that he filed a motion for correction of sentence that, according to this record, has not yet been ruled upon.
¶ 9. We dismiss the appeal without any prejudice for Watson's proceeding appropriately under the statutes for seeking post-conviction review of his claims.
¶ 10. THE APPEAL OF THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY IS DISMISSED. COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.