856 So.2d 667 (2003)
Ken KING a/k/a Ken Marc King, Appellant,
v.
CITY OF RICHLAND, Mississippi, Appellee.
No. 2002-KM-01447-COA.
Court of Appeals of Mississippi.
July 15, 2003.
Rehearing Denied October 21, 2003.
V.W. Carmody Jamie Kelly McBride, Jackson, attorneys for appellant.
Jay Max Kilpatrick Paul B. Henderson, Jackson, attorneys for appellee.
Before SOUTHWICK, P.J., LEE and GRIFFIS, JJ.
*668 GRIFFIS, J., for the court.
¶ 1. This matter comes before the Court as an appeal from the decision of the Circuit Court of Rankin County, sitting as an intermediate appellate court. The circuit court affirmed the convictions of Ken King on two misdemeanor counts, first offense driving under the influence (DUI) and careless driving. King was originally convicted on these charges in the Municipal Court of the City of Richland. King appealed his convictions to the County Court of Rankin County, where the matter was tried de novo. The jury of the county court convicted King on both counts.
¶ 2. The City of Richland does not raise the matter of this Court's jurisdiction; however, jurisdiction may not be conferred by agreement of the parties. Donald v. Reeves Transp. Co. of Calhoun, Ga., 538 So.2d 1191, 1194 (Miss.1989). This Court must remain mindful of questions relating to jurisdiction and should, if appropriate, raise such issues on its own motion. Michael v. Michael, 650 So.2d 469, 471 (Miss.1995).
¶ 3. Section 11-51-81 of the Mississippi Code Annotated. (Supp.2001) governs a defendant's right of appeal from a proceeding originating in a municipal court and it provides that:
there shall be no appeal from the circuit court to the supreme court of any case civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the supreme court.
The Circuit Court of Rankin County found that the appeal involved a constitutional question and complied with Miss.Code Ann. § 11-51-81 (Supp.2001).
¶ 4. However, in this case, King did not file a timely appeal of the circuit court's order affirming his convictions. King failed to file his appeal within thirty days of the circuit court's order as required by Mississippi Rule of Appellate Procedure 4(a). The circuit court found that King did not receive notice of the circuit court's order and that, pursuant to the Mississippi Rules of Appellate Procedure 4(g) and 4(h), good cause existed to allow King additional time to perfect his appeal. The circuit court then entered an order granting King an out-of-time appeal. We find Mississippi Rule of Appellate Procedure 4(h) dispositive and hold that it is not necessary to address whether the appeal involved a constitutional question or address the merits of King's appeal.
¶ 5. In Harris v. State, this Court held:
When a notice of appeal is not timely filed within thirty days of judgment, a trial court may reopen the time for appeal if `a party entitled to receive notice of entry of a judgment or order did not receive such notice ... within 21 days of its entry' and if `no party would be prejudiced....' M.R.A.P. 4(h) A request to reopen is to be filed with the trial court "within 180 days of entry of the judgment or order or within 7 days of receipt of such notice [of the entry of judgment], whichever is earlier...."
Harris v. State, 826 So.2d 765, 767(¶ 10) (Miss.Ct.App.2002). This Court further held that "[w]e find nothing that allows the suspension of those specific requirements." Id. at 768(¶ 13).
¶ 6. In this case, the circuit court's order affirming the convictions was entered on December 21, 2001. "The last date that a request for an out-of-time appeal may properly be filed under Rule 4(h) is 180 days after the judgment." Id. at (¶ 11). *669 Therefore, King had to file his motion for an out-of-time appeal no later than June 19, 2002. Instead, he filed his motion for an out-of-time appeal on July 9, 2002, two hundred days after the filing of the circuit court's judgment.
¶ 7. King did not file a notice of appeal within 180 days of the original entry of the order, as required by M.R.A.P. 4(h). Furthermore, neither the circuit court nor this Court has the authority to suspend this time limit. Harris, 826 So.2d at 768(¶ 13). Therefore, we find that the circuit court erred in allowing King's out-of-time appeal, and this Court is without jurisdiction to consider this appeal on the merits.
¶ 8. THIS APPEAL IS HEREBY DISMISSED FOR LACK OF JURISDICTION DUE TO THE UNTIMELINESS OF THE NOTICE OF APPEAL. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.