SOUTHWICK, P.J.,
for the court.
¶ 1. Jerry Franklin was convicted after a jury trial of burglary of a commercial building. Franklin appeals and challenges the weight of the evidence. We find that Franklin did not timely appeal. Thus, we dismiss. Any relief must come from the post-conviction relief procedures.
FACTS
¶ 2. Franklin was indicted as an habitual offender on the charge of burglary of a commercial building. Although he had appointed counsel, Franklin elected to proceed at trial pro se with appointed counsel acting only as legal advisor. Ten days after conviction, Franklin wrote the circuit clerk requesting a copy of his trial transcript. Franklin stated that he had appealed his case. However, on that date, post-trial motions had not yet been ruled upon by the court. Those motions were denied by written order on April 6, 2000.
¶ 3. Two weeks later, on April 21, 2000, the circuit clerk wrote Franklin that no notice of appeal had yet been filed in his case and outlined the procedure he was to follow in order to perfect appeal and to request a free copy of the trial transcript. Two months later, Franklin again sought a free copy of the transcript and stated it was in preparation for filing an appeal.
*159 ¶ 4. Nothing else appears in the record until November 2001, when Franklin filed a notice of appeal, a motion to proceed in forma pauperis, a motion for the record and transcript and a motion for a hearing. He also wrote a letter to the Supreme Court clerk asking about the status of his appeal that he said had been filed on April 10, 2000. He was notified that no notice of appeal had been filed. The Humphreys County circuit clerk also wrote him again, reminding Franklin of the letter of April 21, 2000, notifying him that no appeal had been filed.
¶ 5. In December 2001, the circuit court granted the motion to proceed in forma pauperis. Counsel was appointed to prepare the appeal brief on Franklin’s behalf but the motion for a free record and transcript was denied.
DISCUSSION
¶ 6. The subject of this appeal is the March 2000 conviction. Under court rule, a party has thirty days in which to file a notice of appeal with the supreme court. M.R.A.P. 4(e). The thirty-day calendar begins as of the date post-trial motions are denied, or the date of imposition of sentence, whichever occurs later. Id. In this case, Franklin’s post-trial motions were denied and sentence imposed on the same date, April 6, 2000. Under the rule, Franklin had until May 6, 2000, to file his notice of appeal. The record contains no such notice, although Franklin maintains he filed notice of appeal on April 10, 2000. The record has a letter from the circuit clerk to Franklin dated April 21, 2000, notifying him that no notice had been received. Thus, Franklin was aware within the initial thirty day period that no appeal was pending in his case after he claims to have filed proper notice.
¶ 7. Franklin failed to file any notice until November 20, 2001, eighteen months following the denial of his post-trial motions. Franklin did not seek an extension for good cause although he was notified of the deficiency, nor did he seek to reopen the time for appeal within 180 days of April 6, 2000, options which were available to him under the Rules of Appellate Procedure. Court rules place the outside boundary for filing an appeal at 180 days. Harris v. State, 826 So.2d 765, 767 (Miss.Ct.App.2002). After that, neither the trial court nor this court has jurisdiction to review the defendant’s claims. Id. We are required to dismiss this appeal as untimely. M.R.A.P. 2(a)(1).
¶ 8. Franklin still has available the remedies available under post-conviction relief procedures. Miss.Code Ann. § 99-89-1 to -119 (Rev.2000).
¶ 9. THE APPEAL OF THE JUDGMENT OF THE CIRCUIT COURT OF HUMPHREYS COUNTY IS DISMISSED. COSTS OF THIS APPEAL ARE ASSESSED TO HUMPHREYS COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.