921 So.2d 397 (2006)
Robert PARKER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CA-02185-COA.
Court of Appeals of Mississippi.
February 14, 2006.
Christopher E. Kitchens, Ripley, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
EN BANC.
KING, C.J., for the Court.
¶ 1. On September 24, 1994, Robert Parker was convicted by an Alcorn County Circuit Court jury on one count of murder and two counts of aggravated assault. Parker was sentenced on the murder charge to serve a term of life in the custody of the Mississippi Department of Corrections. *398 On the aggravated assault charges, he was sentenced to two concurrent twenty year terms to run consecutive to the life term. The record contains one Order Extending Time to File Notice of Appeal. However, no direct appeal was taken. On August 16, 2004, Parker filed a petition for post-conviction relief. Alternatively, Parker asked the court to grant an out-of-time appeal. The grounds upon which Parker based his post-conviction relief petition were that he received ineffective assistance of counsel and that he was incompetent to stand trial. On October 6, 2004, the trial court dismissed Parker's petition finding that it was time-barred and met no exceptions. Parker now appeals the denial of post-conviction relief, raising the following issues which we quote verbatim:
I. The circuit judge committed reversible error when he denied the Appellant's Motion for Out of Time Appeal without expanding the record in light of the Appellant's affidavit that he desired to file an appeal within the time allowed by the Mississippi Rules of Appellate Procedure, but through no fault of his own his trial counsel failed to perfect his notice of appeal or withdraw from representation.
II. The circuit judge committed reversible error in dismissing Appellant's Motion for Out of Time Appeal without requiring a hearing concerning the allegations made in his motion in violation of Parker's right to respond as provided in § 99-39-17(3) of the Mississippi Code Annotated.
III. The circuit court and trial counsel failed to follow the recommendation of the supreme court in Wright v. State as to resolving disputes between lawyer and client as to client's desire to appeal a criminal conviction.
Finding no error, we affirm.

ANALYSIS

I. & II. Out of time appeal and evidentiary hearing
¶ 2. Parker claims that he desired a direct appeal, but through no fault of his own, an appeal was never perfected. In support of his argument, Parker contends that this desire was evidenced by the fact that his trial counsel secured him an extension of time to file a notice of appeal. Attached to Parker's petition for post-conviction relief is his own affidavit in which he swears that the reason that he did not perfect a direct appeal is because his attorney quoted a fee of three hundred and fifty thousand dollars to represent him on appeal, and Parker could not afford that fee. He argues that both his attorney and the trial court failed to inform him that as an indigent he could receive a court appointed attorney to represent him on appeal, and had he been properly informed, he would have perfected an appeal.
¶ 3. Parker cites Harris v. State, for the proposition that where the proof establishes that a petitioner's right to appeal was denied through no fault of his own, then an out-of-time appeal should be granted. Harris v. State, 578 So.2d 617, 619 (Miss.1991). However, the case at hand is easily distinguishable. In Harris, the appellant filed a motion for an out-of-time appeal nine months after his conviction arguing that his attorney failed to inform him of his right to appeal and failed to perfect his appeal. Id. at 618. The trial court then required his attorney to respond by affidavit. Id. The attorney stated that he had informed Harris of his right to appeal, but that Harris expressed no such desire. Id. The trial court then *399 summarily denied Harris' motion for an out-of-time appeal. Id. The supreme court reversed and remanded for an evidentiary hearing, noting that "this court eschews trial by affidavit." Id. at 619, 620.
¶ 4. Parker filed his motion for an out-of-time appeal ten years after his conviction. Unlike Harris, Parker does not allege that he was unaware of his right to appeal, only that he was unaware that he may have the right to court-appointed counsel to represent him on appeal. Further, this is not a case of trial by affidavit. Parker's petition for post-conviction relief in which he alternatively sought an out-of-time direct appeal was supported only by his own affidavit. We find Harris to be inapplicable to the case at hand.
¶ 5. Rule 2(c) of the Mississippi Rules of Appellate Procedure allows this Court, for good cause shown, to suspend the requirement of Rule 4 of the Mississippi Rules of Appellate Procedure that an appeal be filed within thirty days of the entry of judgment. However, our appellate courts have opined that a trial judge probably does not have the authority to grant an out-of-time appeal later than 180 days after the entry of judgment, but the appellate courts do have the authority to grant a criminal defendant such an appeal if failure to perfect the appeal was "through no fault of his own" and if "justice demands." McGruder v. State, 886 So.2d 1, 2(¶ 4) (Miss.2003).[1] Accordingly, we find that the trial court was without discretion to grant an out-of-time appeal, and therefore did not err in denying the requested relief. The question then turns to whether this Court should allow an out-of-time appeal.
¶ 6. We simply cannot find that Parker was completely without fault in failing to timely pursue a direct appeal. Clearly Parker knew of his right to appeal and the timeliness involved as evidenced by his trial counsel's motion to extend the time for filing a notice of appeal. Parker presents only his own affidavit to support his contention that his trial attorney failed to inform him of his potential right to court-appointed counsel. He then argues that the trial court should have required his trial attorney to respond to Parker's allegation. However the trial court was under no obligation to do so. A trial court may summarily dismiss a petition for post-conviction relief if it plainly appears from the face of the petition that the movant is not entitled to any relief. Hill v. State, 797 So.2d 1006, 1008(¶ 5) (Miss.Ct.App. 2001) (citing Miss.Code Ann. § 99-39-11(2) (Rev. 2000)).
¶ 7. We decline to suspend the requirements of the Mississippi Rules of Appellate Procedure, as Parker has failed to show any cause, much less good cause, as to the reason for a ten year delay in seeking a direct appeal. The circuit court judge committed no error in denying Parker's motion for out-of-time appeal, as the judge had no discretion to allow an out-of-time appeal outside of 180 days from the entry of judgment. Further, this Court does not find that justice demands granting Parker an out-of-time appeal ten years after his conviction. This issue is without merit. Furthermore, since we find that the trial judge was within his discretion in summarily dismissing Parker's petition, there is no need to address Parker's argument that he should have been granted an evidentiary hearing.

*400 III. Recommendation of supreme court in Wright v. State

¶ 8. In Wright, the supreme court suggested that criminal defense lawyers obtain a signed writing regarding the client's decision whether or not to pursue an appeal. Wright v. State, 577 So.2d 387, 390 (Miss.1991). While this is sound advice, it is no rule of law from which we can find reversible error. This issue is without merit.
¶ 9. THE JUDGMENT OF THE ALCORN COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ALCORN COUNTY.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] In DeLoach v. State, 890 So.2d 934, 936(¶ 6) (Miss.Ct.App.2004), this Court noted that the precedence relied on in McGruder was written before the 1997 amendment to Mississippi Rules of Appellate Procedure Rule 4 which "created an outer limit of 180 days to file for an out-of-time appeal."