# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CP-01163-SCT

*ALBERT EDMOND*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/04/2007 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALBERT EDMOND (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JANE L. MAPP |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 07/31/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE WALLER, P.J., EASLEY AND GRAVES, JJ.

### EASLEY, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1.     In 1974, Albert Edmond was convicted of forcible rape in Hinds County, Mississippi, and sentenced to life imprisonment. This Court affirmed his conviction. ***Edmond v. State***, 312 So. 2d 702 (Miss. 1975). In 1982, Edmond was paroled. Shortly thereafter, Edmond had his parole revoked.

¶2.     In 1999, Edmond filed a "Petition for Writ of Habeas Corpus" in the Circuit Court of Greene County. In his petition against the Mississippi Department of Corrections (MDOC)

and the Mississippi Parole Board (MPB), Edmond asserted that his parole was unlawfully revoked in 1982. In December 1999, James W. Backstrom, a Greene County circuit court judge, issued an order which denied Edmond's petition for writ of habeas corpus. The trial judge found that Edmond, by his own admission and statements in the pleadings, violated the terms of his parole. Edmond appealed the denial of the petition for habeas corpus to this Court.

¶3.     In 2001, this Court handed down its opinion in *Edmond v. Mississippi Department of Corrections,* 783 So. 2d 675 (Miss. 2001). This Court reversed and remanded the trial court order which dismissed the petition for habeas corpus. *Id*. at 680. In its opinion, this Court remanded the case to the trial court "for an evidentiary hearing to determine whether laches should apply, to determine the terms and conditions of Edmond's parole revocation, and whether Edmond received his due process rights and a proper revocation procedure before his parole was revoked." *Id*.

¶4.     After a transfer of venue from Greene County to Sunflower County, this Court appointed Judge Gray Evans as special judge in the case. On July 12, 2001, Judge Evans denied Edmond's petition for habeas corpus and dismissed the case with prejudice. The trial court held:

> In accordance with Section 99-39-11 of the Mississippi Code, having examined the records, this Court finds no reason to conduct an evidentiary hearing in this matter. The institutional files of Petitioner clearly indicate that he is not entitled to the relief requested.
>
> On June 16, 1982, Petitioner was granted parole to Bolivar County. Accompanying Petitioner's Certificate of Parole were the condition[s] of said

2

parole, including number 5 which states, "I will live and remain at liberty without violating the law." Said conditions were signed under oath by Petitioner on June 16, 1982. On July 3, 1982, a warrant for Petitioner's arrest was issued by the City of Cleveland for the charge of Burglary of an Inhabited Dwelling. Petitioner appeared before a Justice Court Judge on July 9, 1982. The charge was reduced to Malicious Trespass and Petitioner was sentenced to six days in the County Jail.

On July 3, 1982, upon receipt of notice of Petitioner's arrest, a Warrant for Arrest of Paroled Prisoner was issued by the Department of Corrections. On July 14, 1982, Petitioner waived his right to a preliminary parole revocation hearing and on July 15, 1982, a Warrant for Retaking Parole Prisoner was issued by the Department of Corrections.

On July 22, 1982, a letter was issued to Petitioner stating that he would have a parole revocation hearing on August 2, 1982. Said hearing was conducted and the parole board revoked Petitioner's parole and set off reconsideration for a period of one year.

Having thoroughly reviewed the institutional and parole files of Petitioner, this Court hereby finds that Petitioner did in fact violate the terms of his parole by being convicted in the Justice Court of Bolivar County of Malicious Trespass. In addition, this Court finds that Petitioner received his due process rights and all proper revocation procedures were followed prior to his parole revocation. Finding that Petitioner is not entitled to the relief requested, this Court finds is (sic) unnecessary to address the doctrine of laches in this matter; however, in this Court's opinion, laches would also be a bar to this matter in that witnesses are no longer employees of the Department of Corrections or are deceased. Therefore, this Court hereby DENIES this petition and DISMISSES this cause with prejudice.

¶5. On January 23, 2006, Edmond filed a petition for writ of mandamus in the circuit court. In his petition, he asserted that he first learned of Judge Evans's July 12, 2001, order when this Court issued a January 4, 2006, order in cause number 2004-M-01190.[1]

---

[1] In his motion for out-of-time appeal, Edmond suggests that the first time that he knew of Judge Evans's decision was around December 1, 2005, when the Supreme Court dismissed his writ of mandamus.

3

Thereafter, on August 29, 2006, Edmond filed a motion for out-of-time appeal. On May 4, 2007, Judge Richard A. Smith denied Edmond's motion for out-of-time appeal, finding that Edmond's motion was barred by the 180-day limit set out in Mississippi Rule of Appellate Procedure.

## DISCUSSION

¶6. Edmond raises four issues on appeal (1) whether the appellate court is mandated to grant him an out-of-time appeal; (2) whether the trial court erred in denying his habeas corpus petition without the mandated evidentiary hearing; (3) whether he was afforded due-process rights and a proper revocation procedure before his parole was revoked; and (4) whether the doctrine of laches should apply to his habeas corpus petition. We find that issue one, pertaining to the out-of-time appeal, is dispositive, and this Court need not address the other issues before it.

¶7. Edmond argues that the trial court erred by dismissing his out-of-time appeal. The trial court dismissed Edmond's claims pursuant to Mississippi Rule of Appellate Procedure 4(h). Edmond claims that, through no fault of his own, he was unable to timely file an appeal, therefore, this Court should grant his out-of-time appeal. In support of his assertion, Edmond contends that he did not receive notice of the July 12, 2001, judgment which dismissed his habeas corpus petition until January 2006. Edmond also contends that the trial court was without jurisdiction to re-open the case.

¶8. Mississippi Rule of Appellate Procedure 2(a)(1) provides for mandatory dismissal of an appeal "if the notice of appeal was not timely filed pursuant to Rules 4 or 5." M.R.A.P.

4

2(a)(1). Rule 4(a) provides the timeline for filing an appeal. Rule 4(a) states, in part, "the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." M.R.A.P. 4(a). However, Rule 4(h) provides for a limited exception to Rule 4(a) by allowing a trial court to re-open the time period for an appeal. Rule 4(h) states:

> The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

M.R.A.P. 4(h).

¶9. The trial court's order stated, in part:

11. Petitioner has alleged that he was not given notice of the entry of judgment filed in this matter by Judge Gray Evans on July 12, 2001 and that he should be granted an out of time appeal.

12. Although there is no proof that Petitioner was not provided a copy of the judgment in this matter, giving him every benefit of the doubt, it appears that Petitioner did in fact have notice of the entry of judgment no later then (sic) January 17, 2006, when he filed another Petition for Writ of Habeas Corpus with the Mississippi Supreme Court, in which he asked the Court to reverse the order of the Sunflower County Circuit Court, cause no. 2001-0309, on July 12, 2001.

13. If this Court calculates 180 days from January 17, 2006, it appears that in order to be eligible for an out of time appeal, Petitioner would had to have file his Motion no later than July 17, 2006. Petitioner's Motion was dated August 28, 2006 and was not filed with the Circuit Clerk's office until August 29, 2006.

5

Thereafter, the trial court ordered that Edmond's motion for out-of-time appeal was barred by the 180-day limitations period set forth in the appellate rules and denied the motion, dismissing the cause with prejudice.

¶10.    In *McGruder v. State*, 886 So. 2d 1, 2 (Miss. 2003), this Court stated that, "[w]hether a trial court has authority to remedy the failure to file timely a notice after the time set by the rules for filing a notice of appeal had expired is doubtful." *Id*. at 2 (citing *Coleman v. State*, 804 So. 2d 1032, 1037 (Miss. 2002)).  In *DeLoach v. State*, 890 So. 2d 852 (Miss. 2004) this Court held:

> Whether a trial court has authority to remedy the failure to file timely a notice after the time set by the rules for filing a notice of appeal had expired is doubtful.  *Coleman v. State*, 804 So. 2d 1032, 1037 (Miss. 2002).  However, we may grant an out-of-time appeal 'where a person is convicted of a crime and through no fault of his own is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court.' *Jones v. State*, 355 So. 2d 89, 90 (Miss. 1978).  We may suspend Rules 2 and 4 'when justice demands' to allow an out-of-time appeal in criminal cases.  *Fair v. State*, 571 So. 2d 965, 966 (Miss. 1990).

890 So. 2d at 854 (quoting *McGruder v. State*, 886 So. 2d 1 (Miss. 2003)).

¶11.    The Court of Appeals also has decided numerous cases involving the application of Rule 4(h) where the appellant filed a notice of appeal more than 180 days after a final judgment.  In *Parker v. State*, 921 So. 2d 397, 398 (Miss. Ct. App. 2006), the defendant filed an out-of-time appeal ten years after his conviction.  Parker alleged that he did not know that he had a right to court-appointed counsel, not that he was unaware of his right to appeal.  *Id*.  The Court of Appeals determined that Parker was not without fault for his failure to timely appeal.  *Id*.  Therefore, the Court of Appeals declined to suspend Rule 4.  *Id*.  In addition, the

6

Court of Appeals held that the circuit court did not err "in denying Parker's motion for out-of-time appeal, as the judge had no discretion to allow an out-of-time appeal outside of 180 days from the entry of judgment." *Id*.

¶12.    In *King v. City of Richland*, 856 So. 2d 667, 669 (Miss. Ct. App. 2003), King appealed his convictions two hundred days after the entry of the circuit court order.  King appealed to county court his municipal-court convictions for two misdemeanor counts of driving under the influence and careless driving.  *Id.* at 668.  A county court jury then convicted King on both counts.  *Id*.  King appealed the county court convictions to the Circuit Court of Rankin County.  *Id*.  The circuit court affirmed both convictions.  *Id*.  Thereafter, King failed to file his appeal within thirty days of the circuit court's order.  *Id*.  King filed his motion for out-of-time appeal two hundred days after the circuit court order.  *Id*. at 669.  The circuit court granted King an out-of-time appeal, finding that he did not receive notice of the circuit court's order.  *Id*. at 668.  On appeal, the Court of Appeals held that the circuit court erred by granting the out-of-time appeal.  *Id*.  The Court of Appeals also held that "neither the circuit court nor this Court has the authority to suspend this time limit" and that the Court of Appeals was "without jurisdiction to consider this appeal on the merits."  *Id*. at 669.  The Court of Appeals dismissed King's appeal for lack of jurisdiction. *Id*.

¶13.    In *Watson v. State*, 841 So. 2d 218, 219 (Miss. Ct. App. 2003), Watson initially filed an appeal almost one year after pleading guilty.  The Court of Appeals noted that the proper procedure for Watson was to file for post-conviction relief since he pleaded guilty.  *Id*.  The

7

Court of Appeals also determined that it was without jurisdiction to review the case on the issue of sentencing. *Id*. Further, the Court of Appeals noted that Watson filed well after the 180-day limit specified in Mississippi Rule of Appellate Procedure 4(h). *Id*. The Court of Appeals dismissed the appeal without prejudice to allow the defendant to file for post-conviction relief. *Id*. at 219.

¶14. In *Minchew v. State*, 967 So. 2d 1244, 1247 (Miss. Ct. App. 2007), the Court of Appeals affirmed the circuit court's denial of post-conviction relief in part due to the defendant's untimely filing of his appeal. The Court of Appeals considered Minchew's late notice of the entry of the order. *Id*. Notwithstanding the late notice of the order, the Court of Appeals declined to exercise discretion and suspend Rule 4. *Id*. Minchew admitted to receiving notice within twenty-one days of entry of the order and admitted to untimely mailing his appeal. *Id*.

¶15. In *Jefferson v. State*, 958 So. 2d 1276, 1278-79 (Miss. Ct. App. 2007), the circuit court dismissed the defendant's petition for post-conviction relief. The Court of Appeals found that Jefferson's appeal was untimely, since the appeal was filed more than two months after the circuit court's dismissal. *Id*. at 1279. Despite the untimely filing, the Court of Appeals considered the "unique circumstances" and proceeded to address the merits of the case. *Id*. Presumably, the "unique circumstances" were due to Jefferson's assertion that his sentence was illegal and that his counsel provided ineffective assistance of counsel. *Id*. at 1278. The Court of Appeals determined that Jefferson had benefitted from the alleged illegal sentence imposing house arrest, therefore, the error was harmless. *Id*. at 1279. However,

8

the Court of Appeals also determined that the trial court had committed plain error by sentencing Jefferson to a longer prison term than the statute allowed and thereby vacated the sentence and remanded to the trial court for resentencing. *Id*. at 1281.

¶16.    The Court of Appeals also has addressed numerous cases pursuant to Mississippi Rule of Appellate Procedure 4. *See **Heafner v. State***, 947 So. 2d 354, 356 (Miss. Ct. App. 2007) (affirmed untimely appeal where defendant's counsel filed notice of appeal forty-four days after post-conviction relief order was denied under Rule 4); ***Havard v. State***, 911 So. 2d 991, 993 (Miss. Ct. App. 2005) (direct criminal appeal where defendant claimed that he did not receive notice of order of conviction, even though record indicated that his attorney was sent a copy and he filed an appeal almost eleven months after the order of conviction; the court determined that in the interest of justice did not favor an out-of-time appeal under Rule 4); ***Penn v. State***, 909 So. 2d 135, 136 (Miss. Ct. App. 2005) (affirmed dismissal of post-conviction relief case as untimely filed under Rule 4); ***Pearson v. State***, 906 So. 2d 788, 790 (Miss. Ct. App. 2004) (affirmed dismissal of post-conviction relief as untimely filed under Rule 4(a)).

¶17.    We find that the trial court did not err in denying Edmond's motion for out-of-time appeal, but for reasons other than those expressed by the trial court. Edmond filed his motion for out-of-time appeal on August 29, 2006, more than five years after the July 2001 entry of judgment. In addition, Edmond filed his motion more than 180 days after he admitted that he had notice of the July 2001 judgment against him.

9

¶18. The trial court analyzed the motion pursuant to Rule 4 and held that Edmond's claim was outside the 180-day limitation period set forth in the rule. We find that the motion was filed more than 180 days after the entry of the order, therefore, the trial court had no jurisdiction to consider the motion. *McGruder*, 886 So. 2d at 2 (Miss. 2003) (citing *Coleman v. State*, 804 So. 2d 1032, 1037 (Miss. 2002)); *see also Parker*, 921 So. 2d at 398; *King*, 856 So. 2d at 669.

¶19. In addition, we find that Edmond fails to demonstrate any reason why this Court should suspend the rules and consider his claims. *Parker*, 921 So. 2d at 398; *King*, 856 So. 2d at 669; *Minchew*, 967 So. 2d at 1247. He admitted that he received notice of the entry of the order on or about January 4, 2006. He waited more than 180 days from that date to file his out-of-time appeal. We find that the trial court did not err by denying Edmond's motion for out-of-time appeal, but for reasons other than those enumerated by the trial court.

## CONCLUSION

¶20. For the foregoing reasons, the judgment of the Sunflower County Circuit Court is affirmed.

¶21. **AFFIRMED**.

**SMITH, C.J., WALLER AND DIAZ, P.JJ., CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY**.

10