IRVING, P.J., DISSENTING:
 

 ¶ 61. I disagree with the majority's finding that the State's contention-that Griffin's appeal is untimely-is without merit because the State failed to present that issue to the circuit court in opposition to Griffin's post-conviction-relief (PCR) petition for an out-of-time appeal. I also disagree with the majority's implicit finding that this Court lacks the authority to dismiss this appeal for lack of jurisdiction, as this Court always has jurisdiction to determine our jurisdiction and to dismiss an appeal if we find that we lack jurisdiction. Therefore, I dissent. I would dismiss this appeal for lack of jurisdiction. I explain, but first I will state some relevant facts.
 

 ¶ 62. On March 14, 2013, a Lowndes County Circuit Court jury convicted Lori Griffin of aggravated assault, and on March 15, 2013, the circuit court sentenced her to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with four years suspended and four years of post-release supervision. Griffin filed a motion for a directed verdict or, alternatively, a new trial, which the circuit court denied on March 27, 2013. The next day, in open court, the circuit judge questioned Griffin to make sure she understood her appeal rights:
 

 BY THE COURT: I ruled yesterday on the motion for [a] new trial or judgment notwithstanding the verdict
 .... Now, I was going [sic] to talk with Ms. Smith
 
 [
 

 9
 

 ]
 
 and Ms. Griffin.
 

 Q. Ms. Griffin, ... I think I told you the other day in court, you have the right to appeal this conviction. You have a court-appointed attorney now. I know you don't have the money to hire an attorney. But if you wish to appeal this case, the [c]ourt can appoint somebody to handle the appeal. Do you understand that?
 

 A. I do.
 

 Q.
 
 And do you wish to appeal this case?
 

 A.
 
 No.
 

 Q.
 
 Are you sure?
 

 A.
 
 Positive.
 

 Q. That is a decision that you have consulted with Ms. Smith about; is that correct?
 

 A. That is.
 

 Q.
 
 And you also have the right not to appeal the case. It's your call. But if you choose not to, then there are consequences. You can't then later change your mind
 
 .
 

 A. I understand this. I do.
 

 Q. Okay. So, you have made that decision of your own freewill?
 

 A. No, sir. [sic]
 

 Q. Has anyone intimidated you into making this decision? Or promised you anything to get you to make this decision?
 

 A. No, not at all.
 

 Q. All right.
 

 BY THE COURT: Ms. Smith, are you aware of anything that the [c]ourt ought to know insofar as whether I accept her decision not to appeal?
 

 BY MS. SMITH: No, Your Honor. She actually indicated immediately after the appeal, [sic] that she was not looking to proceed. I gave her several days, roughly [ten] days now I think, to talk [sic] about it. I went in to talk to her yesterday at the jail. And she told me that she was not surprised of the verdict. She wasn't shocked at the verdict. She knew then she didn't want to appeal. She still chooses not to appeal. She understands that [the s]upreme [c]ourt is going to, and I quote, pull the transcripts and make a decision on that, end quote. And that was her basis.
 

 BY THE COURT: All right. Thank you, Ms. Griffin [sic]. Ms. Clark, the [s]upreme [c]ourt has required that on matters like this, that there be a record made of this. And I have to make the determination that Ms. Griffin has knowingly and intelligently waived the right to appeal. And I've talked to her this morning. And I've talked to her counsel.
 
 And the [c]ourt is of the opinion that she has in fact knowingly and intelligently waived any desire to appeal this conviction.
 
 And this will be of the record. The case ends at this point. Unless there's anything further by the State on this matter or by the [d]efense, then I'm going to allow Ms. Griffin to be taken back to the Lowndes County Adult [D]etention [C]enter.
 

 BY MS. CLEMONS
 
 [
 

 10
 

 ]
 
 : Your Honor, just based on what Ms. Smith just told the [c]ourt-and I'm sure Ms. Smith told Ms. Griffin this. But that the basis of an appeal is not solely on transcripts. That, you know, attorneys for both sides have the opportunity to submit briefs arguing before the [c]ourt. And I'm sure that was explained
 to Ms. Griffin. I just want to make sure.
 

 BY THE COURT: Is that right?
 

 BY MS. SMITH: It was, Your Honor. I went over in detail with her exactly how the process works.
 

 BY THE COURT: You would write a brief or the indigent counsel folks would write a brief saying the [j]udge messed up. He didn't give this jury instruction. Or he should have sustained this. Or he shouldn't have let this in. That kind of thing. And she's all-.... Ms. Griffin, you're all aware of that; is that correct?
 

 A. Yes, sir.
 

 Q. Okay. All right.
 

 BY MS. SMITH: Your Honor, I would ask that the court reporter transcribed [sic] this and place it in the file?
 

 BY THE COURT: This will be. Today's hearing will be transcribed. I mean, and the [c]ourt-I think I noted when I sentenced Ms. Griffin, Ms. Griffin is not dumb. She's an educated lady.
 
 So, the [c]ourt is satisfied that she is knowingly, voluntarily, and intelligently waiving the right to appeal.
 
 All right. Good luck to you, Ms. Griffin. You take care of yourself.
 

 (Emphasis added).
 

 ¶ 63. After the hearing, the circuit court entered the following order on March 28, 2013:
 

 THIS matter is before the [c]ourt after the [d]efendant has been convicted and sentenced for the crime of aggravated assault in the above styled case. The [c]ourt has denied her request for a new trial or judgment not withstanding the verdict. The [d]efendant was brought to [c]ourt this day so that the [c]ourt could explain her right to appeal her conviction.
 

 The [c]ourt explained to the [d]efendant her right to appeal and the [c]ourt informed her that if she could not afford to pay the costs of an appeal, the [c]ourt would allow the [d]efendant to appeal as a pauper. The [d]efendant indicated she understood the right to appeal her conviction.
 

 Thereafter, the [d]efendant indicated that she did not wish to appeal her conviction. The [c]ourt apprised the [d]efendant of the consequences of her decision not to appeal her conviction. She indicated that she was making the decision not to appeal of her own volition and that she understood the consequences of her decision. The [d]efendant indicated that she had not been threatened or promised anything in exchange for her decision.
 
 Accordingly, the [c]ourt finds that the [d]efendant's decision to waive any appeal of her conviction was knowingly, voluntarily and intelligently made.
 
 The [c]ourt reporter is hereby [o]rdered to transcribe today's hearing and place a copy of said hearing in the file. Moreover, the [c]lerk of this [c]ourt is hereby [o]rdered to send a copy of this [o]rder to the parties at their place of business or residence.
 

 (Emphasis added).
 

 ¶ 64. On August 27, 2013, Griffin filed a "Motion for Appointment of Appellate Counsel and for Other Relief." The gravamen of the motion, quoted verbatim, alleged:
 

 Defendant is indigent and was represented at trial by appointed counsel who did not perfect an appeal and defendant remains indigent and cannot hire counsel nor pay filing fees nor pay the costs of the preparation of the record for appeal.
 

 ....
 

 Defendant respectfully requests the appointment of appellate counsel pursuant
 to Rule 6 of Miss. Rules of Appellate Procedure, preferably the Indigent Appeals Division of the Office of State Public Defender.
 

 ... If it has been more than thirty days from the date that [j]udgment was entered herein, or more than thirty days since [the] denial of post[-]trial motion[s], [d]efendant prays for authority from the court to file [an] appeal out of time pursuant to Rule 4 of the Miss. Rules of Appellate Procedure.
 

 ¶ 65. On September 17, 2013, the circuit court denied Griffin's motion via the following order:
 

 Came on to be heard in the above styled and numbered cause, the [d]efendant's, Lori Griffin, Motion for Appointment of Appellate Counsel and for Other Relief. After reviewing the [d]efendant's motion, sentencing order, and the order denying the [d]efendant's motion for JNOV[,] the [c]ourt finds that it is without the authority to grant the [d]efendant's request.
 

 "A trial court has the authority to grant a criminal defendant's motion for an out-of-time appeal if grounds exist and if [sic] the request is brought under the Mississippi Uniform Post-Conviction Collateral Relief Act (hereinafter referred to as UPCCRA)."
 
 Dorsey v. State
 
 ,
 
 986 So.2d 1080
 
 , 1083 [ (¶ 10) ] (Miss. Ct. App. 2008) (citing
 
 Miss. Code Ann. § 99-39-5
 
 (l)(h) (Rev. 2008) ). The [d]efendant's motion does not invoke said act[,] nor does it meet the necessary pleading requirements under the UPCCRA.
 

 According to Mississippi Rule[ ] of Appellate Procedure 4(a), a notice of appeal should be filed "within thirty days of the date after the entry of the judgment or order appealed from." M.R.A.P. 4(g) [sic]. The Mississippi Rules of Appellate Procedure further provide that the trial court may grant an extension upon motion filed not later than thirty days after the expiration of the prescribed time for taking an appeal. M.R.A.P. 4(g). While this [c]ourt has no issues with, or objections to, the [d]efendant seeking an out-of-time appeal, the [d]efendant has missed the deadlines. In this case, the proper remedy for the [d]efendant is to seek leave to file an out-of-time appeal from the Supreme Court of Mississippi under Rule 2(c) of the Mississippi Rules of Appellate Procedure, which gives them authority to suspend the rules governing appeals, "in the interest of expediting decision, or for other good cause shown." M.R.A.P. 2(c).
 

 IT IS THEREFORE ORDERED that this motion be and the same is hereby denied. The [c]ircuit [c]lerk is directed to send a copy of this order to all parties.
 

 ¶ 66. On May 22, 2014, Griffin filed with the Mississippi Supreme Court a "Motion for Out of Time Appeal and for Appointment of Appellate Counsel." On June 20, 2014, the supreme court dismissed Griffin's motion, without prejudice, to give her an opportunity to file a PCR petition in the circuit court.
 

 ¶ 67. On July 11, 2014, Griffin filed her "Post Conviction Petition for Out of Time Appeal, Appointment of Appellate Counsel and for Other Relief (PCR)" with the circuit court. This was a fill-in-the-blank, check-the-appropriate-box form motion. Griffin filled in a blank advising that she "was convicted of aggravated assault in a jury trial on March, 2013 [sic], in Case Number 2010[-]0013 CR1K" and checked the box that reads: "Petitioner is indigent and
 
 was represented at trial by appointed counsel who did not perfect an appeal
 
 and [p]etitioner remains indigent and cannot hire counsel nor pay filing fees nor pay the costs of the preparation of the record for appeal." (Emphasis added). Griffin also alleged
 in paragraph number seven of her PCR petition that she had "
 
 done nothing to delay the perfection of [her] appeal.
 
 " (Emphasis added).
 

 ¶ 68. On September 4, 2014, the circuit court-without any hearing or notice to the State, and despite its March 28, 2013 findings that Griffin had "
 
 in fact knowingly and intelligently waived any desire to appeal [her]conviction
 
 "-entered the following order:
 

 Came on to be heard this day the above styled and numbered post conviction matter; and the [c]ourt, after having reviewed the record of proceedings in the trial court,
 
 and the [c]ourt, having taken judicial notice that the [p]etitioner seeks to file an [o]ut-of-[t]ime [a]ppeal of her conviction in Lowndes County Criminal Cause Number 2010-0013-CR1K, finds that she should be granted leave to appeal.
 
 The [c]ourt further finds that the [p]etitioner has requested to appeal in forma pauperis, and having reviewed the poverty affidavit previously filed, the [c]ourt does hereby grant this request. Petitioner's trial counsel, the Honorable Donna Smith, is to have twenty (20) days from the date of this order to perfect the appeal of Lowndes County Criminal Cause Number 2010-0013-CR1K, then to file an order substituting the Office of Indigent Appeals.
 

 The [c]ircuit [c]lerk is directed to file a copy of this order in Lowndes County Criminal Cause Number 2010-0013-CR1K.
 

 IT IS THEREFORE ORDERED, that the [p]etitioner's Motion to Appeal is granted. The [c]ircuit [c]lerk is directed to send a copy of this [o]rder to all parties, including the Honorable Donna Smith, and to the Mississippi Supreme Court.
 

 (Emphasis added).
 

 ¶ 69. Griffin filed her notice of appeal on September 16, 2014. The order of the circuit court denying her post-trial motion was filed on March 27, 2013.
 

 ¶ 70. "This Court must remain mindful of questions relating to jurisdiction and should, if appropriate, raise such issues on its own motion."
 
 King v. City of Richland
 
 ,
 
 856 So.2d 667
 
 , 668 (¶ 2) (Miss. Ct. App. 2003) (citation omitted). Rule 4(a) of the Mississippi Rules of Appellate Procedure provides that a notice of appeal shall be filed within thirty days after the date of entry of the judgment or order appealed from.
 

 ¶ 71. Here, Griffin failed to timely file a notice of appeal. In fact, as shown by the colloquy with the circuit court on March 28, 2013, Griffin specifically stated that
 
 she did not want to appeal her conviction
 
 . The circuit court advised her at that time that she had a right to appeal and that an attorney could be appointed to represent her on appeal. The circuit court, Griffin's trial counsel, and the prosecutor all informed her how the appeal process would work and the arguments that could be made on appeal on her behalf. Yet, she chose not to pursue an appeal.
 

 ¶ 72. It is clear from this record that Griffin failed to timely file her notice of appeal because she voluntarily decided not to appeal. After she missed the deadline, she could obtain relief only through the post-conviction-relief process, and only then, if she could prove that her failure to timely appeal was not her fault. Yet, the circuit court granted her relief knowing it was her fault because, at the time the circuit court granted Griffin the right to appeal, it had previously found that she had voluntarily given up her right to appeal. How could her failure to timely appeal not be her fault? Then, in her sworn PCR petition, Griffin lied when she alleged that she had done nothing to delay her
 appeal. It seems abundantly clear to me that Griffin was judicially estopped from alleging in her PCR petition that she had done nothing to delay or prevent the timely filing of her notice of appeal, and since she was estopped, she did not, and could not, meet the requirements for obtaining permission through the post-conviction-relief process for an out-of-time appeal.
 

 ¶ 73. The majority's finding that the State cannot, in this appeal, assert that the circuit court lacked jurisdiction to grant the out-of-time appeal because it did not appeal the judgment of the circuit court is untenable for at least four reasons, one of which I have already discussed: Griffin was judicially estopped from attempting to prove entitlement to such relief. The second reason is the circuit court did not give notice to the State, as it was required by law to do if it were not going to summarily dismiss Griffin's PCR petition, which is what the circuit court should have done.
 
 See
 

 Miss. Code Ann. § 99-39-11
 
 (Rev. 2015).
 
 [11]
 

 ¶ 74. The third reason is that the doctrine of res judicata precluded a finding that Griffin was entitled to an out-of-time appeal. Therefore, Griffin did not, and could not, meet her burden in the post-conviction-relief proceeding that she initiated when she filed her PCR petition, seeking permission to file an out-of-time appeal. She was required to prove entitlement to an out-of-time appeal. However, in prior proceedings in her case, the court had found that she had knowingly, voluntarily, and intelligently waived her right to appeal her conviction. On April 27, 2013, Griffin's right and entitlement to appeal her conviction expired. She could not thereafter establish-during a post-conviction-relief proceeding-that she was entitled to an out-of-time appeal because in order to establish entitlement, she had to prove that the reason she had failed to timely appeal was the fault of someone else. The circuit court had found in its March 28, 2013 order that the reason no appeal was being taken was because Griffin did not want to appeal, not because her attorney was unwilling to file an appeal for her. Since the court's March 28, 2013 order was not appealed, the court's finding in that order had become res judicata by the time Griffin filed her PCR petition on July 11, 2014.
 

 ¶ 75. The fourth reason the majority's position is untenable is because predicating this Court's jurisdiction on the failure of the State to appeal an order that the circuit court issued without judicial underpinning is tantamount to saying this Court is obligated to salute the extrajudicial action of the circuit court, notwithstanding a plethora of precedent that an appellate court is required to note its own lack of jurisdiction even if not raised by the parties.
 
 See
 

 Bailey v. Chamblee
 
 ,
 
 192 So.3d 1078
 
 , 1081-82 (¶ 11) (Miss. Ct. App. 2016).
 

 ¶ 76. I want to be clear. I am not contending that the circuit court did not have jurisdiction to entertain Griffin's PCR petition. It did. My contention is that the circuit court did not have the authority to grant the relief that it did because no facts or evidence was presented warranting
 such relief. Trial courts are not authorized to grant relief in post-conviction-relief proceedings simply because they want to, as we follow the rule of law.
 

 ¶ 77. If the evidence in the post-conviction-relief proceeding had been in dispute as to whether Griffin's failure to appeal was due to her fault or the fault of someone else and the circuit court had ruled in her favor and allowed the out-of-time appeal, I would agree with the majority. But that is not the case. Moreover, based on the record before us, had the circuit court ordered the State to file an answer or other pleading, as it was required by section 99-39-11(3) to do, before ruling on Griffin's PCR petition, we probably would not be considering Griffin's appeal, for I cannot imagine that the State would not have filed the same response as it did in this appeal when we requested supplemental briefing on the question whether the trial court properly granted an out-of-time-appeal. I cannot fathom how the circuit court could have found that Griffin's failure to timely appeal her conviction was not solely her fault. Any review of an order to the contrary would require reversal because Griffin presented nothing to bring into question her previous waiver of her right to appeal, leaving only a question of law as to her entitlement to an out-of-time appeal in the face of her waiver. An appellate court's review of questions of law presented in post-conviction-relief matters is de novo.
 
 Rowland v. State
 
 ,
 
 42 So.3d 503
 
 , 506 (¶ 8) (Miss. 2010).
 

 ¶ 78. I know of no law that precludes us-as part of our quest to determine our own jurisdiction-from taking judicial notice of the companion post-conviction-relief proceedings in the trial court. It is clear that the circuit court's order permitting Griffin to file an out-of-time appeal was entered in contravention of section 99-39-11(3), setting forth the process that must be undertaken by the trial court if it does not summarily dismiss a PCR motion, and Mississippi Code Annotated section 99-39-23(7) (Rev. 2015), providing that "[n]o relief shall be granted under [the UPCCRA] unless the petitioner proves by a preponderance of the evidence that he is entitled to the relief." It is interesting, puzzling, and noteworthy that the circuit court, in its September 4, 2014 order granting Griffin an out-of-time appeal, "took judicial notice" that Griffin sought permission to file an out-of-time appeal.
 

 ¶ 79. Our case law, just as our statutory law, is clear as to the burden a movant must meet before being granted permission to file an out-of-time appeal. In
 
 Dorsey
 
 , 986 So.2d at 1083 (¶ 10), we held: "A trial court has the authority to grant a criminal defendant's motion for an out-of-time appeal if grounds exist and the request is brought under the [UPCCRA]." Citing
 
 Harris v. State
 
 ,
 
 624 So.2d 100
 
 , 101 (Miss. 1993), the Mississippi Supreme Court has stated:
 

 To prove his right to an out-of-time appeal, the movant must show by a preponderance of the evidence that he asked his attorney to appeal within the time allowed for giving notice of an appeal. Moreover, the movant must show that the attorney failed to perfect the appeal and that such failure was through no fault of the movant.
 

 Dickey v. State
 
 ,
 
 662 So.2d 1106
 
 , 1108 (Miss. 1995). Our supreme court has also stated: "[I]t is settled that a defendant desiring an out-of-time appeal must, at the very least, show that the failure timely to perfect an appeal was through no fault of his own."
 
 Fair v. State
 
 ,
 
 571 So.2d 965
 
 , 967 (Miss. 1990).
 

 ¶ 80. There is not a scintilla of evidence in this record-and Griffin does not allege in her PCR petition-that after the March 28, 2013 hearing and prior to the April 27,
 2013 deadline for filing an appeal, she changed her mind and asked her attorney to pursue the appeal, but the attorney refused. Therefore, there was nothing on which the circuit court could have predicated relief.
 

 ¶ 81. This Court always has the authority to determine its jurisdiction, and to suggest, as does the majority, that Griffin's appeal is timely because the State did not appeal from a prior post-conviction-relief order granting Griffin the right to appeal when the circuit court had no authority to grant that right is beyond my ability to discern.
 

 ¶ 82. Appellate courts have the authority pursuant to Rule 2(c) of the Mississippi Rules of Appellate Procedure to suspend the rules for good cause shown and allow out-of-time appeals to proceed. However, based on this record, I cannot find any good cause for suspending the rules and allowing this appeal to proceed, as I cannot find that Griffin's failure to timely perfect her appeal was through no fault of her own or that justice demands that we hear it. As noted, on March 28, 2013, the circuit court conducted a hearing in which the judge clearly explained to Griffin that she had a right to appeal. Griffin voluntarily abandoned her right to appeal and has not established that her failure to timely appeal was through no fault of her own.
 

 ¶ 83. For the reasons discussed, I dissent. If any appeal should be dismissed, this is one. I am afraid that the bench, bar, and public generally will view today's decision as a wink at the rule of law. I hope I am wrong.
 

 CARLTON, GREENLEE AND WESTBROOKS, JJ., JOIN THIS OPINION.
 

 Ms. Smith was Griffin's trial counsel.
 

 Ms. Clemons represented the State at trial.
 

 Section 99-39-11 provides in pertinent part:
 

 (2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified.
 

 (3) If the motion is not dismissed under subsection (2) of this section,
 
 the judge shall order the state to file an answer or other pleading
 
 within the period of time fixed by the court or to take such other action as the judge deems appropriate ....
 

 (Emphasis added).